## J. H. EVERETT v. RECEIVERS OF RICHMOND and DANVILLE RAILROAD COMPANY.

*Action for Damages—Trial—Instructions—Weight of Evidence —Railroads—Negligence—Frightening Horses—Wantonness.*

1. Where, in the trial of an action, the plaintiff has produced some, or more than a *scintilla* of, evidence in support of his contention, or there is conflicting evidence, it is the province of the jury to determine its weight and it would be improper to instruct the jury that if they believe the evidence the plaintiff cannot recover.

2. It is not error to charge that plaintiff cannot recover unless a locomotive engineer blew a whistle negligently, wantonly or maliciously, for the purpose of frightening plaintiff's horses, inasmuch as the word "negligently" is used in such a connection as to clearly import such a degree of negligence as would be nearly akin to wantonness or malice.

3. An act is wantonly done when it is needless for any rightful purpose and manifests a reckless indifference to the rights and interests of another.

ACTION for damages for the killing of the horses of plaintiff through the negligence and wanton conduct of defendants as Receivers of the Richmond and Danville Railroad Company, tried before *Bryan, J.,* and a jury, at Fall Term, 1896, of SWAIN Superior Court. There was a verdict for

the plaintiff and defendants appealed.    The facts appear in
the opinion of the Court.

*Mr. T. H. Cobb*, for plaintiff.

*Messrs. F. H. Busbee, A. B. Andrews, Jr., G. F. Bason*, for
defendant (appellant).

DOUGLAS, J.:   This is an action for damages for alleged
injury sustained by killing horses of plaintiff alleged to
have been frightened by unusual and unnecessary noise
made by the engineer's sounding the whistle.    The horses
became unmanageable, plunged into the river and were
drowned.    The carriage was damaged and the harness
ruined.    The usual issues were submitted, and found for the
plaintiff.    The only exceptions appear to the charge as
given and the failure to charge as requested by defendant,
as follows:

"At the close of the evidence the defendant requested the
Court in writing to give the following special instructions:

1. If the jury believes the evidence the plaintiff is not
entitled to recover, and the answer to the first issue should
be "No."

This instruction was refused, and the defendant excepted.

2. Unless the jury believes that the person who blew the
whistle blew it wantonly or maliciously, for the purpose of
frightening the horses, the plaintiff is not entitled to recover,
and the answer to the first issue should be "No."

The Court modified this instruction by inserting the word
"negligently" between the words "it" and "wantonly," and
to this modification defendant excepted.

3. If the jury believe that the person who blew the whis-
tle saw the team and saw that it was frightened, or knew
that it was in danger of being frightened, still it was his
right and his duty to blow the signal for the station, and
unless he blew it in an unusual manner, or when it was not

necessary, or for the purpose of frightening the horses, the answer to the first issue should be "No."

This instruction was given.

The Court charged the jury as follows:

A railroad company is not liable when an injury results from horses being frightened by the noises or appearance of the train, when due and proper care in the management of the train is used. If the engineer wantonly and maliciously made unnecessary noise for the purpose of scaring the horses, and thereby the injury was brought about in the loss of the horses, defendant would be liable.

Negligence is the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury.

(a). An act is wantonly done, when it is needless for any rightful purpose and manifests a reckless indifference to the rights and interests of another.

*Exception.*—(b). And to so much of the charge as is between (a) and (b) defendant excepted.

Maliciously done means an act done with a desire or purpose to injure. A railroad is not liable for blowing whistle and ringing bell, while exercising this right in a lawful and reasonable manner, for injuries occasioned by horses, when driven upon the highway, taking fright at such noises.

Taking the charge as a whole, we see no substantial error. The first instruction asked could not properly have been given in view of the conflicting evidence. To do so, the Court would be compelled to pass upon the weight of the evidence, which is a question exclusively for the jury, as there was certainly more than a mere scintilla. *Hardison* v. *Railroad*, 120 N. C., 492; *Spruill* v. *Insurance Co.*, Ibid, 141, and cases therein cited.

121—66

The second exception is to the insertion of the word "negligently" before the word "wantonly" in the second prayer. There are so many degrees of negligence that the word used disjunctively without further explanation might mislead the jury, but taken in connection with the remainder of the charge it seems sufficiently clear to us, and was doubtless so to the jury, that the Court intended such a degree of gross negligence as would be nearly akin to wantonness or malice. In *Tillett* v. *Railroad*, 115 N. C., 662; *Morgan* v. *Railroad*, 98 N. C. 247, and *Doster* v. *Street Railway*, 117 N. C., 651, all cited and relied on by defendant's counsel, the word "negligence" is used as the proper term, leaving it to the Court to instruct the jury as to what would be negligence under the circumstances of each case.

We see no merit in the defendant's third exception, as the part of the charge to which the exception is taken is substantially adopted from the case of *State* v. *Brigman*, 94 N. C., 888, and the cases therein cited. "The illegal act is wanton, when it is needless for any rightful purpose, without adequate legal provocation, and manifests a reckless indifference to the interests and rights of others." *State* v. *Brigman, supra.* "Wantonness is action without regard to the rights of others." *Welch* v. *Durand*, 36 Conn., 182. "Wantonly means not having a reasonable cause." *Clark* v. *Haggins*, 103 E. C. L. Report, 543.

As the issues were found by the jury on competent evidence and under proper instructions, the judgment is affirmed.

Affirmed.