Under the charge of the Court the jury rendered the following verdict upon the issues submitted:
1. Was the plaintiff Maria Foot injured by the negligence of the defendant, as alleged in the complaint? Yes.
2. If so, was the negligence wanton and wilful, as alleged in the complaint? Yes.
3. Was the release set out in the answer procured by undue influence, as alleged in the complaint? Yes.
4. What damage, if any, is the plaintiff Maria Foot entitled to recover? $500.
There was a judgment on the verdict for the plaintiff, and the defendant excepted and appealed. *Page 64 
The only exception urged upon our attention or insisted upon by the appellant is that the verdict of the jury on the first (53) and second issues is contradictory or inconsistent to such a degree that no judgment can be entered thereon, and a new trial must be awarded, to the end that the rights of the parties may be properly determined — the position being that the answer to the first issue establishes a negligent, and, to the second, a wilful, actionable wrong, and that the two can not coexist. The position may be sound under certain circumstances, but we do not think the facts bring the present case within the principle. It will be noted that both issues are addressed to the question of negligence, and the same negligence: 1. Was the plaintiff Maria Foot injured by the negligence of the defendant? and, 2. If so, was said negligence wanton and wilful?
In answer to the first the jury found that there was a negligent act of the defendant causing the injury, and in answer to the second, they fixed the character of the negligence, the issue having been evidently framed to enable the jury to say whether the wrongful act of the defendant was one which permitted the recovery of punitive damages; but both issues determine that the injury of the plaintiff was caused by the defendant's negligence, and there is therefore no contradiction in the issues or the verdict.
While the term "willful negligence" may not be strictly accurate — and many cases hold that willfulness repels or is inconsistent with the idea of negligence — it will be found that this is not necessarily or entirely true. All of the definitions of negligence contain the idea of inadvertence as one of its features, and inadvertence and willfulness are as a rule antagonized; but some of these definitions are inadequate or partially wrong, because they give this idea of inadvertence an erroneous placing. For the purposes of this discussion negligence may be defined as "the failure to exercise the proper degree of care in the performance of some legal duty which one owes another and causing unintended damage." The breach of duty can be and frequently is (54) intentional and willful, and yet the act may be negligent; and it is only when there has been designed injury caused, or an intended damage done, that the idea of negligence is eliminated. Sherman Redfield on Neg., secs. 3 and 4. Accordingly, we find that the term "willful and wanton negligence' is coming to be not infrequently used both in the decisions and text-books. 1 Thompson Com. on Neg., *Page 65 
Sec. 21; 2 Thompson, sec. 1626; R. R. v. Bryan, 107 Ind. 51; ExpressCo. v. Brown, 67 Miss. 261.
When the willfulness is referred to the breach of duty instead of the injury caused or damage done, the term is not improper; certainly, where the verdict of the jury on both issues fixes the act as negligent, the term "willful" does not establish such a necessary contradiction or inconsistency as requires or permits a new trial of the cause.
In this case the evidence tends to show that the breach of duty on the part of the defendant's agent or employee may have been, and very likely was, willful and intentional; but no one would conclude that these employees designed or intended to cause the injury or damage which followed. The verdict in Brendle's case, 125 N.C. 474, was construed and by fair interpretation was properly construed as establishing an intentional injury.
There is no error, and the judgment below is
Affirmed.
Cited: Stewart v. Lumber Co., 146 N.C. 51, 61, 68, 77, 102; Jones v.R. R., 150 N.C. 481.