LAURA BALLEW, Admx. of ALBERT BALLEW, v. ASHEVILLE AND
     EAST TENNESSEE RAILROAD COMPANY and REGINALD HOW-
     LAND.

(Filed 20 December, 1923.)

**1. Carriers—Railroads—Employer and Employee—Master and Servant—
     Negligence—Contributory Negligence—Statutes—Comparative Negli-
     gence.**

> The common-law principle that there could be no recovery of damages
> from negligence for a personal injury when the plaintiff was guilty of
> contributory negligence is now changed by statute (C. S., 3467) as relating
> to railroad employees, diminishing the recovery in proportion to the neg-
> ligence attributable to the employee.

**2. Negligence—Contributory Negligence—Defenses—Actions.**

> The plaintiff's contributory negligence will not bar his recovery of
> damages in his action when the defendant has inflicted the injury with
> either actual or constructive intent, but it is otherwise if it is admitted
> that he had not this intent, and his contributory negligence will bar his
> recovery.

APPEAL by Howland, individually, from Bryson, J., at April Term,
1923, of BUNCOMBE.

Civil action. The defendant company operated an electric railway
between Asheville and Weaverville (intrastate), of which the defendant
Howland was the superintendent. The plaintiff's intestate was a motor-
man subject to the superintendent's orders. On 12 May, 1922, the in-
testate operated one of the cars, and on his return from Weaverville
his car collided with another operated by Howland and he suffered
injuries causing his death.

The issues were answered as follows:

"1. Was the plaintiff's intestate injured and killed by the negligence
of the defendants, as alleged in the complaint? Answer: 'Yes.'

"2. If so, was the conduct of the defendant, Rex Howland, wilful
and reckless, and his negligence gross? Answer: 'Yes.'

"3. Did the plaintiff's intestate, by his own negligence, contribute to
his injury and death, as alleged in the answer? Answer: 'Yes.'

"4. What damage, if any, is the plaintiff entitled to recover? Answer:
'$35,118.75 net.' "

By consent the damages were reduced to $12,500.

Judgment for the plaintiff. Appeal by Howland, but not by the rail-
road company.

*Mark W. Brown for the plaintiff.*
*Merrimon, Adams & Johnston for the appellant Howland.*

ADAMS, J.   In an action brought in a court of common law there could be no recovery for negligence by a plaintiff whose default contributed to the injury, but as against common carriers by railway this principle has been modified by statute.  The fact that the employee may have been guilty of contributory negligence is not a bar to recovery, but in such case the damages shall be diminished by the jury in proportion to the negligence attributable to the employee.  C. S., sec. 3467. This statute is effective against the railroad company but not against the defendant Howland, and the question for decision is whether the answer to the second issue prevents Howland from relying for his exoneration upon the plaintiff's contributory negligence.

The authorities generally hold that the doctrine of contributory negligence as a bar to recovery has no application in an action which is founded on intentional violence, as in the case of an assault and battery; but intentionable violence is not negligence, and without negligence on the part of the defendant there can be no contributory negligence on the part of the plaintiff.  The verdict does not show that the intestate's death was caused by intentional violence, but it does show gross negligence and wilful and reckless conduct on the part of Howland.

In view of the plaintiff's admission that the defendant did not intend to injure the deceased, we think upon consideration of all the evidence the answer to the second issue signifies nothing more than gross, wilful, and reckless negligence.  Does this finding of the jury entitle the plaintiff to recover notwithstanding the contributory negligence of the intestate?

Upon the second issue his Honor instructed the jury as follows: "I instruct you, gentlemen, that in order that one may be guilty of wilful and wanton conduct, it must be shown that he was conscious of the surroundings and was aware from his knowledge of existing conditions that injury would probably result from his conduct under the circumstances, and, with reckless indifference to consequences, consciously and intentionally did some wrong or omitted some known duty which produced injurious result."  We must consider this instruction, not with reference to an award of punitive damages (for none were awarded), but with reference to the question just proposed.

In *Foot v. R. R.,* 142 N. C., 52, the plaintiff alleged that while she was traveling in a buggy on a highway near the defendant's road the defendant's employees operated a passing handcar so as to cause her horse to run away and injure her; and the jury found, in answer to the first issue, that the plaintiff was injured by the defendant's negligence, and in answer to the second, that the negligence was wanton and wilful.  The defendant contended that the answers were incon-

45—186

sistent on the ground that a negligent and a wilful wrong cannot coexist. The Court held that the second issue was framed to enable the jury to say whether the wrongful act of the defendant permitted the recovery of punitive damages, and that the answer thereto fixed the character of the negligence. Furthermore, it was said, a breach of duty can be and frequently is intentional and wilful while the act is yet negligent, and that the idea of negligence is eliminated only when the injury or damage is intentional. Distinction was noted between the wilfulness which is referred to a breach of duty and the wilfulness which is referred to the injury caused or damage done. In the former there is wilful negligence; in the latter there is intentional injury. Wilful and wanton negligence will support a verdict for punitive damages, and intentional injury will constitute ground for recovery notwithstanding negligence on the part of the plaintiff.

The authorities hold, however, that the intention to inflict injury may be actual or constructive. In *Conner v. Railway,* 45 N. E. (Ind.), 662, it is said: "The substance of the rule as established by the cases to which we have referred is that, to entitle one to recover for an injury without showing his own freedom from contributory fault, the injurious act or omission must have been purposely and intentionally committed, with a design to produce injury, or it must have been committed under such circumstances as that its natural and reasonable consequence would be to produce injury to others, the actor having knowledge of the situation of those others. There must have been an actual or constructive intent to commit the injury." *McClellan, J.,* speaking for the Supreme Court of Alabama, stated the rule in this language: "The true doctrine, and that supported by many decisions of this Court, as well as the great weight of authority in other jurisdictions, is that, notwithstanding plaintiff's contributory negligence, he may yet recover if, in a case like this, the defendant's employees discover the perilous situation in time to prevent disaster, by the exercise of due care and diligence, and fail, after the peril of plaintiff's property becomes known to them as a fact, and not merely after they should have known it, to resort to all reasonable effort to avoid the injury." 9 Southern, 233. And in *Central Railway Co. v. Moore,* 63 S. E. (Ga.), 644, it is said: "The court in charging the jury upon the subject should make it plain that it (the rule that contributory negligence is not a defense against wilful and wanton negligence) is never applicable unless the defendant's conduct was such as to evince a wilful intention to inflict the injury or else was so reckless or so charged with indifference to the consequence where human life or limb was involved as to justify the jury in finding a wantonness equivalent in spirit to

actual intent." See, also, *Chicago Ry. Co. v. Jordan*, 74 N. E. (Ill.), 452; *McIntyre v. Converse*, 131 S. E. (Mass.), 198; *Louisville and N. R. R. v. Coniff's Admr.*, 27 S. W. (Ky.), 865; *Ft. Wayne, etc. Traction Co. v. Justus*, 115 N. E. (Ind.), 585; *Ehlers v. R. R.*, 194 Ill. A., 24; *Birmingham Ry. v. Cockrum*, 179 Ala., 372; *Holwerson v. Ry. Co.*, 50 L. R. A. (Mo.), 850; *Banks v. Braman*, 188 Mass., 367; *Brittain v. R. R.*, 167 N. C., 642; Thompson on Negligence (2d Ed.), sec. 20 *et seq.*

The meaning of "constructive intention" or the spirit of wilfulness, which is equivalent to the actual intent, may be illustrated by reference to one or two decisions. In *Aiken v. Street Railway*, 184 Mass., 269, there was evidence tending to show that the plaintiff, a boy six and one-half years of age, was on the lower step of a car which was going around a curve from one street to another and was clinging to the step trying to get into a stable position, and that he cried out to the motorman, "Let me off"; that the motorman saw and heard him, and knowing that he was in a place of danger, turned on the power in a wanton and reckless way for the purpose of starting the car quickly, and that the plaintiff was thrown off and injured. The judge instructed the jury that to maintain the action on the ground of wanton and reckless conduct it must be proved that the motorman wilfully and intentionally turned on the power with a view to making the car start forward rapidly and go at full speed quickly, but that it was not necessary to prove that he did it with the intention of throwing the boy off and injuring him. He also told them that the plaintiff need not show that he was in the exercise of due care. The Supreme Judicial Court, sustaining the instruction, reached this conclusion: "In these cases of personal injury there is a constructive intention as to the consequences which, entering into the wilful, intentional act, the law imputes to the offender, and in this way a charge, which otherwise would be mere negligence, becomes, by reason of a reckless disregard of probable consequences, a wilful wrong. That this constructive intention to do injury in such cases will be imputed in the absence of an actual intent to harm a particular person, is recognized as an elementary principle in criminal law. It is also recognized in civil actions for recklessly and wantonly injuring others by carelessness. *Palmer v. Chicago, St. Louis and Pittsburgh Railroad*, 112 Ind., 250; *Shumacker v. St. Louis and San Francisco Railroad*, 39 Fed. Rep., 174; *Brannen v. Kokomo, Greentown and Jerome Gravel Road Co.*, 115 Ind., 115. In an action to recover damages for an assault and battery, it would be illogical and absurd to allow as a defense proof that the plaintiff did not use proper care to avert the blow. See *Sanford v. Eighth Avenue Railroad*, 23 N. Y.,

343, 346. It would be hardly less so to allow a similar defense where a different kind of injury was wantonly and recklessly inflicted. A reason for the rule is the .fact that if a wilful, intentional wrong is shown to be the direct and proximate cause of an injury, it is hardly conceivable that any lack of care on the part of the injured person could so concur with the wrong as also to be a direct and proximate contributing cause to the injury." In this case the motorman had actual knowledge of the plaintiff's situation and the danger to which he was exposed, and the doctrine of constructive intent was applied.

This Court recently approved the doctrine in *Fry v. Utilities Co.,* 183 N. C., 281. A boy between . eleven and twelve years of age was riding on the rear step of an ice wagon which was moving northward on Tryon Street in the city of Charlotte. The street railway track was undergoing repairs and a pile of concrete extended from Seventh Street to Ninth Street, with the exception of an open space about thirty feet in length just south of and about fifty feet distant from Ninth. The driver of the wagon knew the boy was on the rear step and without warning turned the horses on the car track at the open space just in front of an approaching car. A collision occurred and the boy was killed. The jury found that his death was caused by the negligence of the ice company and assessed the damages. The Court, granting a new trial for error in the instruction as to contributory negligence, said: "There can be no doubt as to what was the conclusion of the jury, which is that the driver of the wagon, regardless of any contributory negligence .of the boy, acted not only negligently when he had a chance to save him, but wilfully, recklessly, and wantonly, and against such conduct as this finding implies, the contributory negligence of the boy is no protection or bar to the plaintiff's recovery. If the party injured is himself ever so negligent, the one who caused that injury is liable to him for the ensuing damages if he was aware of the dangerous situation and caused the damage wilfully, wantonly, or even recklessly, that is, if he did so without regard to the consequences of his act and being indifferent to the rights of others." Here, too, the defendant's employee had actual knowledge of the intestate's peril. See, also, *Brendle v. R. R.,* 125 N. C., 474.

These and other authorities maintain the doctrine that if the defendant knows the plaintiff is in a perilous situation and wilfully and wantonly does an act which naturally and reasonably will result in the plaintiff's injury, the wilful and wanton act imparts a constructive intention to injure, which is imputed to the defendant. Hence, where the defendant intentionally injures the plaintiff, whether the intention to injure be actual or constructive, the plaintiff's contributory negligence is not a bar to his recovery of damages.

In the instant case Howland had no actual intent to cause injury to the intestate. This the plaintiff admits. And there is no evidence that he had actual knowledge of the intestate's peril or the place where the intestate's car was running until about the time the collision occurred—no evidence of such wilful and wanton conduct as imputed to him the constructive intent to injure the deceased. There is abundant evidence of negligence, but no sufficient evidence of the defendant's actual or constructive intent to cause injury or death.

In concluding, we note just here what *Mr. Justice Hoke* said in *Hicks v. Mfg. Co.,* 138 N. C., 331, concerning the decision in *Greenlee's case* (122 N. C., 977) and in *Troxler's case* (124 N. C., 190): "These opinions could be well justified and upheld on the ground that a failure to correct an evil of this magnitude, when it could be accomplished so effectually at an insignificant cost, was such a reckless and wanton disregard of the lives and safety of employees as to amount to an intentional wrong, against which contributory negligence is no defense. They have, however, been approved and accepted as decisions eminently just and proper in applying the principles of the law of negligence to new and changing conditions, and can be upheld and supported both by reason and precedent."

There was error in giving judgment upon the verdict against the defendant Howland, and to this extent the judgment should be reformed.

Error.