JAMES W. FOSTER, BY HIS NEXT FRIEND, v. GAVIN L. HYMAN AND C. C.
    CODDINGTON, INC.; FRED BYRD, BY HIS NEXT FRIEND, v. GAVIN L.
    HYMAN AND C. C. CODDINGTON, INC.; EARL FOSTER, BY HIS NEXT
    FRIEND, v. GAVIN L. HYMAN AND C. C. CODDINGTON, INC.

(Filed 8 May, 1929.)

**1. Execution K a—Execution against the person will lie where the injury
    was inflicted wilfully.**

Where the pleadings, evidence, and verdict are that an injury was wil-
fully inflicted, an order for execution against the person of the defendant
upon the return of execution against his property unsatisfied is proper.
C. S., 768, 673.

**2. Same—Driving of automobile in this case held so reckless as to amount
    to intent to injure.**

Allegations and evidence tending to show that the defendant, while
drunk, drove his automobile on the wrong side of a street of a city where
traffic was heavy at a rate of forty-five or fifty miles an hour, under cir-
cumstances which should have convinced him, as a man of ordinary pru-
dence, that he incurred the risk of imminent peril to human life, and that
the plaintiff was injured thereby: Held, sufficient to sustain the jury's
verdict that the injury was inflicted wilfully and wantonly, and an order
for execution against the person of defendant upon return of execution
against his property unsatisfied was proper. C. S., 768, 673.

**3. Same—Wilful and Wanton Injury.**

An act causing injury to person or property is wilfully done when it is
done purposely and deliberately in violation of law, and wantonly done
when done recklessly, manifesting a reckless indifference to the rights of
others, but wilfulness may be constructive, and where the wrongdoer's
conduct is so reckless as to amount to a disregard for the safety of others
it is equivalent to actual intent.

**4. Pleadings A b—Verification of complaint by next friend in this case
    held in proper form and sufficient.**

Objection to the sufficiency of the verification of the complaint by plain-
tiff's next friend on the ground that the affiant had no personal knowledge
of the matters alleged will not be sustained when the allegations are not
made to appear to be outside the personal knowledge of the affiant.

**5. Judgments D b—Upon judgment by default and inquiry, inquiry should
    be made at next succeeding term.**

A judgment by default and inquiry entitles the plaintiff to nominal dam-
ages without further proof, but the inquiry should be made at the next
succeeding term, and when it appears on appeal that the inquiry was
made at the same term the cause will be remanded so that the inquiry
may be made according to law. C. S., 596. As to whether a party may
waive this provision of the statute, quære?

APPEAL by defendant Hyman from *Townsend, Special Judge,* at
Special October Term, 1928, of MECKLENBURG. Error.

Consolidated actions to recover damages for injuries to person and property alleged to have been caused by the negligence of the defendants, Hyman being an employee of C. C. Coddington, Inc., in causing a collision of the car he was driving (the property of C. C. Coddington, Inc.), with the car of the plaintiffs. At the conclusion of the evidence judgment of nonsuit was granted as to C. C. Coddington, Inc., and the following verdict was returned against Hyman:

1. Were the acts of the defendant, Gavin L. Hyman, complained of, committed in a wilful and wanton manner as alleged in the complaint? Answer: Yes.

2. What damages, if any, is the plaintiff, Earl Foster, entitled to recover of the defendant, Gavin L. Hyman on account of injuries to his person? Answer: $250.00

3. What damages, if any, is the plaintiff, Earl Foster, entitled to recover on account of injury to his property? Answer: $390.00 with interest.

4. What damages, if any, is the plaintiff, James W. Foster, entitled to recover of the defendant, Gavin L. Hyman, on account of injuries to his person? Answer: $50.00.

5. What damages, if any, is the plaintiff, Fred Byrd, entitled to recover on account of injuries to his person? Answer: $50.00.

Judgment was rendered in behalf of the plaintiffs for the amounts respectively awarded them; and it was further adjudged that execution issue against the property of the defendant as provided by law, and if returned unsatisfied in whole or in part that execution issue against the person of the defendant. Hyman excepted and appealed.

*T. L. Kirkpatrick and B. G. Watkins for plaintiffs.*
*John M. Robinson and Hunter M. Jones for defendant.*

ADAMS, J. The defendant in a civil action may be arrested "Where the action is for injury to person or character, or for injuring, or wrongfully taking, detaining, or converting real or personal property." C. S., 768. If the action is one in which the defendant might have been arrested an execution against the person of the judgment debtor may be issued after the return of an execution against his property wholly or partly unsatisfied. C. S., 673. The judgment, to the signing of which the appellant excepted, provides for an execution against his person; and his appeal presents the question whether the trial court committed error in ordering such execution upon the "pleadings and the evidence." It was perhaps in consequence of the decision in *Peebles v. Foote,* 83 N. C., 102, that C. S., 673 was amended by the addition of the words, "whether such statement of facts be necessary to the cause of action or not." Laws 1891, ch. 541, sec. 2.

The appellant contends that error was committed because the complaints do not state causes of action for wilful injury. It has been held that an execution against the person which would deprive the defendant of his homestead and personal property exemption cannot issue when the judgment is for an injury sustained merely by negligence or accident, but only when the injury has been inflicted intentionally or maliciously; that there must be some element of violence, fraud, or criminality. *Oakley v. Lasater,* 172 N. C., 96. In that case the allegation in the complaint was that the injury had been inflicted wrongfully, recklessly, and wantonly, after being forbidden by the plaintiff's agent," but the issue was, "Did the defendant negligently injure the mule of the plaintiff?" In *Paul v. Auction Company,* 181 N. C., 1, 6, it is said that on recovery for a tort founded on negligence merely, arrest and imprisonment on final process would not be justified, "the cases holding further that to justify such imprisonment there must be a finding by the jury that the tort was wilfully committed." This statement of the law is in approval of the opinion to the same effect in *McKinney v. Patterson,* 174 N. C., 483. In the present case the complaint includes, not only the element of negligence, but the elements of wilfulness and wantonness. After alleging that the defendant wilfully, wantonly, and negligently failed and refused to perform certain duties imposed upon him, the plaintiffs say that the injuries they suffered were the direct and proximate result of the wilful and wanton acts as well as the negligent acts and the negligent omission of the defendant.

An act is done wilfully when it is done purposely and deliberately in violation of law *(S. v. Whitener,* 93 N. C., 590; *S. v. Lumber Co.,* 153 N. C., 610), or when it is done knowingly and of set purpose, or when the mere will has free play, without yielding to reason. *McKinney v. Patterson, supra.* "The true conception of wilful negligence involves a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, which duty the person owing it has assumed by contract, or which is imposed on the person by operation of law." Thompson on Negligence (2 ed.), sec. 20, quoted in *Bailey v. R. R.,* 149 N. C., 169.

An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others. *Everett v. Receivers,* 121 N. C., 519; *Bailey v. R. R., supra.* A breach of duty may be wanton and wilful while the act is yet negligent; the idea of negligence is eliminated only when the injury or damage is intentional. *Ballew v. R. R.,* 186 N. C., 704, 706. In *Foot v. R. R.,* 142 N. C., 52, in which the jury found in response to separate issues that the plaintiff had been injured by the wanton and wilful negligence

of the defendant, distinction was noted between the wilfulness which is referred to a breach of duty and wilfulness which is referred to the injury; in the former there is wilful negligence, and in the latter intentional injury. But as stated in *Ballew v. R. R., supra,* the intention to inflict injury may be constructive as well as actual. It is constructive where the wrongdoer's conduct is so reckless or so manifestly indifferent to the consequences, where the safety of life or limb is involved, as to justify a finding of wilfulness and wantonness equivalent in spirit to an actual intent. See citations in *Ballew's case.*

In applying this principle in a criminal action we have held that the reckless operation of an automobile on the streets of a city may disclose such depravity of mind and such disregard of human life as will supply the malice that distinguishes murder in the second degree from manslaughter. *S. v. Trott,* 190 N. C., 674. In the case at bar there was evidence tending to show that the defendant was drunk; that he drove his car at night on the wrong side of the street in a business section of the city of Charlotte at the rate of forty-five or fifty miles an hour, under circumstances which should have convinced him, as a man of ordinary prudence, that he incurred the risk of imminent peril to human life; that his car struck the one in which the plaintiffs were riding, turned it upside down, hurled it against a telephone post, broke the glass, knocked the wheels off, tore out the top, and injured the plaintiffs. If it be conceded that there is no evidence of actual intent to injure the plaintiffs we cannot hold as a matter of law that the constructive intent is not supplied, or that the complaint does not state a cause of action for wilful injury. The exceptions in the first and third assignments of error are therefore overruled.

The appellant's second assignment is that the complaints are verified by persons not having personal knowledge of the facts. In *Peebles v. Foote, supra,* decided before the amendment of 1891, it is said that where the cause of arrest stated in the complaint is essential to the plaintiff's cause of action, verification of the complaint upon information and belief will not answer unless it gives the sources of information. It will be noted, however, that the allegations material to the plaintiff's cause of action are not set forth upon information and belief and there is nothing in the record to show that the affiant did not have personal knowledge of the facts therein recited.

The defendant filed no answer, and before introducing evidence the plaintiffs moved for judgment by default and inquiry as to defendant Hyman and his motion was allowed. The statute provides that when judgment by default and inquiry is entered the inquiry shall be executed at the next succeeding term. C. S., 596. The inquiry in the present case was executed at the same term at which judgment by default and

inquiry was taken. The defendant, it is true, was in the courtroom and did not except to the inquiry or to the submission of the issues to the jury; but according to the record he was there in the capacity of a witness for the plaintiff against C. C. Coddington, Inc., and in fact testified at the plaintiff's instance. Presumably he acted upon the theory that as to himself the inquiry had been continued. Granting, only for the present purpose, that the statutory provision for executing the inquiry at a succeeding term is directory and that its requirement may be waived by the defendant, still there is no finding of a waiver and, indeed, no evidence upon which such finding could properly be based. The judgment by default and inquiry was conclusive that the plaintiffs had a cause of action and were entitled to nominal damages without proof. See dissenting opinion in *Junge v. MacKnight,* 135 N. C., 105, which was declared to be the law upon a petition to rehear, in which the former decision was overruled. *Junge v. MacKnight,* 137 N. C., 285. But as the inquiry was improperly executed immediately upon rendition of the interlocutory judgment, the cause is remanded to the end that the inquiry be made as the law provides by submitting to another jury issues similar to those appearing in the record. *Brown v. Rhinehart,* 112 N. C., 772, 776.

