ERNEST BRAXTON v. J. T. MATTHEWS.

(Filed 24 September, 1930.)

**Execution K a—Evidence in this case held sufficient for submission of issue as to defendant's wilful or wanton infliction of injury.**

Although negligence alone in the infliction of a personal injury is not sufficient to support an execution against the person of the defendant, intent to inflict the injury may be constructive, and where the acts of the defendant are so reckless or indifferent to the safety of life or limb as to amount to wilfulness or wantonness, they are equivalent in spirit to actual intent, and, *Held*, the evidence in this case tending to show that the defendant and his driver, while intoxicated, operated defendant's car recklessly and wilfully, was sufficient to warrant the submission of the issue and sustain an affirmative answer thereto.

APPEAL by defendant from *Small, J.,* at August Term, 1930, of PITT. No error.

*Albion Dunn for plaintiff.*
*Julius Brown for defendant.*

PER CURIAM. This is an action to recover damages to the plaintiff's person and property resulting from a collision of automobiles alleged to have been caused by the negligence of the defendant. The verdict was favorable to the plaintiff, and from the judgment rendered the defendant appealed on exceptions appearing in the record.

There was evidence tending to show that the defendant owned the car, and that he and his driver operated it recklessly and wilfully while they were under the influence of intoxicating liquor.

All matters involved in the exceptions have heretofore been resolved against the defendant's contentions. Of course an execution against the person would not be allowed upon a mere finding of negligence, but as is said in *Oakley v. Lasater,* 172 N. C., 96, only when the injury has been inflicted intentionally or maliciously—*i. e.,* when there is an element of fraud, or violence, or wantonness and wilfulness, or criminality. C. S., 768; *Coble v. Medley,* 186 N. C., 479; *Foster v. Hyman,* 197 N. C., 189. In the last case after a definition of wilfulness and wantonness this language appears: "A breach of duty may be wanton and wilful while the act is yet negligent; the idea of negligence is eliminated only when the injury or damage is intentional. *Ballew v. R. R.,* 186 N. C., 704, 706. In *Foot v. R. R.,* 142 N. C., 52, in which the jury found in response to separate issues that the plaintiff had been injured by the wanton and wilful negligence of the defendant, distinction was noted between the wilfulness which is referred to a breach of duty and

CARTERET COUNTY v. CONSTRUCTION CORP.

wilfulness which is referred to the injury; in the former there is wilful negligence and in the latter intentional injury. But as stated in *Ballew v. R. R., supra,* the intent to inflict the injury may be constructive as well as actual. It is constructive where the wrongdoer's conduct is so reckless or so manifestly indifferent to the consequences, where the safety of life or limb is involved, as to justify a finding of wilfulness and wantonness equivalent in spirit to actual intent."

The application of these principles by appropriate instructions was ample justification for the answer to the third issue relating to the defendant's condition and his reckless and wanton conduct. *S. v. Trott,* 190 N. C., 674.

The other exceptions disclose no reversible error.

No error.