ELIZABETH B. HADDOCK v. RONALD LASSITER

No. 703SC281

(Filed 27 May 1970)

1. **Negligence § 59—   licensee — invited guest in home**

   An invited guest in the home of another person is a licensee and not an invitee.

2. **Negligence § 59—   homeowner's liability to invited guest — baseball bat on steps — wanton negligence**

   Allegation in the complaint that the defendant homeowner knew that a baseball bat had been left on the front steps of defendant's home after the plaintiff had entered the home as an invited guest, and that the defendant failed to remove the bat or to warn the plaintiff of the danger before she left the premises that night, *held* insufficient to show the degree of wilfulness or wantonness necessary to hold the defendant liable for plaintiff's injuries received when she stepped on the bat, lost her balance, and fell to the ground.

BROCK, J., dissenting.

APPEAL from *Parker, J.,* 23 February 1970 Civil Session, PITT County Superior Court.

This is an action to recover compensation for personal injuries allegedly sustained by the plaintiff when she fell while she was leaving the defendant's home where she had been as an invited guest. The material allegations in the plaintiff's complaint are as follows:

"THIRD:  That, on or about October 26, 1968, plaintiff was an invited guest in the home of defendant in the County of Pitt and State of North Carolina and that, as plaintiff was leaving defendant's said home around ten o'clock P.M., plaintiff stepped on a baseball bat on the steps of defendant's residence leading from the porch of said residence to the ground and which said baseball bat plaintiff was unable to see and said bat caused plaintiff to lose her balance and to fall to the ground thereby sustaining the personal injuries more fully hereinafter described.

"FOURTH:  That, on the date and at the time and place as aforesaid, defendant was negligent in that he failed to exercise reasonable care to keep said residence premises and in particular the front steps thereof, in a reasonably safe condition and he knew that plaintiff had entered said home by the use of said front porch steps and he further knew that at the time that plaintiff entered said home, said baseball bat was not on said steps and he further knew that at the time that plaintiff left said residence that the front porch light did not shine on the front porch steps and defendant further knew that since plaintiff had entered said home said baseball bat had been left on one of the steps of said front porch and defendant failed either to warn plaintiff of the premises of said baseball bat and defendant further failed to remove said bat from said steps when he knew that plaintiff would use said steps and would be likely to step on said baseball bat and that personal injury was likely to be caused to plaintiff by reason of said bat being left on said steps by defendant."

On 7 November 1969 the defendant filed a demurrer to plaintiff's complaint and from an order dated 23 February 1970 sustaining the demurrer, the plaintiff appealed to the North Carolina Court of Appeals.

*M. E. Cavendish for plaintiff appellant.*

*James, Speight, Watson and Brewer, by W. W. Speight, for defendant appellee.*

HEDRICK, J.

In their briefs, the parties stipulated that this Court could consider and determine this appeal on its merits under the appropriate rule of the North Carolina Rules of Civil Procedure. Rule 12(b)(6), North Carolina Rules of Civil Procedure, is as follows:

"(b)  *How presented.* — Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defense may at the option of the pleader be made by motion:

\*     \*     \*

"(6)  Failure to state a claim upon which relief can be granted, . . . ."

[1]  In North Carolina an invited guest in the home of another person is a licensee and not an invitee. *Murrell v. Handley*, 245 N.C. 559, 96 S.E. 2d 717 (1957). In the present case, the plaintiff was an invited guest in the home of the defendant. The general rule in North Carolina in regard to the duty owed by an owner to a licensee is best stated in 6 Strong, N.C. Index 2d, Negligence, § 59, as follows:

"The owner or the person in possession of the premises is not under a duty to a licensee to maintain the premises in a safe or suitable condition or to warn him of hidden dangers or perils of which the owner has actual or implied knowledge. The owner of land owes to a licensee only the duty to refrain from injuring him wilfully or through wanton negligence, and from increasing the hazard while the licensee is on the premises, by active and affirmative negligence, and is not liable for injuries not resulting from wanton negligence or from so increasing the hazard. . . ."

The degree of "willfullness" or "wantonness" necessary to impose liability upon a landowner in the case of injury to a licensee was defined and set forth for us by Parker, J. (later C.J.), in *Waggoner v. R. R.*, 238 N.C. 162, 77 S.E. 2d 701 (1953), as follows:

" 'An act is wanton when, being needless, it manifests no rightful purpose, but a reckless indifference to the interests of others; and it may be culpable without being criminal.' *Wise v. Hollowell*, 205 N.C. 286, 171 S.E. 82. 'An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others.' *Foster v. Hyman*, 197 N.C. 189, 148 S.E. 36.

" 'The term "wanton negligence" . . . always implies something more than a negligent act. This Court has said that the word "wanton" implies turpitude, and that the act is committed or omitted of willful, wicked purpose; that the term "willfully" implies that the act is done knowingly and of stubborn purpose, but not of malice . . . Judge Thompson says: "The true conception of willful negligence involves a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, which duty the person owing it has assumed by contract or which is imposed on the person by operation of law. Willful or intentional negligence is something distinct from mere carelessness and inattention, however gross. We still have two kinds of negligence, the one consisting of carelessness and inattention whereby another is injured in his person or property, and the other consisting of a willful and intentional failure or neglect to perform a duty assumed by contract or imposed by operation of law for the promotion of the safety of the person or property of another." Thompson on Neg. (2d Ed.), Sec. 20, *et seq.*' *Bailey v. R. R.*, 149 N.C. 169, 62 S.E 912.

"To constitute willful injury there must be actual knowledge, or that which the law deems to be the equivalent of actual knowledge, of the peril to be apprehended, coupled with a design, purpose, and intent to do wrong and inflict injury. A wanton act is one which is performed intentionally with a reckless indifference to injurious consequences probable to result therefrom. Ordinary negligence has as its basis that a person charged with negligent conduct should have known the probable consequences of his act. Wanton and willful negligence rests on the assumption that he knew the probable consequences, but was recklessly, wantonly or intentionally indifferent to the results. *Everett v. Receivers*, 121 N.C. 519, 27 S.E. 991; *Ballew v. R. R.*, 186 N.C. 704, 120 S.E. 334; *Foster v. Hyman, supra; S. v. Stansell*, 203 N.C. 69, 164 S.E. 580; 38 Am. Jur., negligence, Sec. 48."

[2]   In the present case, no facts are alleged which are sufficient to show that the defendant was affirmatively or actively negligent in the management of his property. The allegation in the complaint that the defendant knew that the baseball bat had been left on the front steps of defendant's home after the plaintiff had entered, and that the defendant failed to remove the bat or warn the plaintiff of the danger before the plaintiff left the premises, is not a sufficient allegation to show the degree of willfullness or wantonness necessary to hold him liable for the plaintiff's injuries.

The plaintiff has failed to state a claim for relief and this action should properly be dismissed under Rule 12(b)(6), North Carolina Rules of Civil Procedure. The action of the court below is affirmed.

Affirmed.

BRITT, J., concurs.

BROCK, J., dissenting.

In my view the allegations in the "FOURTH" paragraph of the complaint to the effect that the defendant knew that the baseball bat was not on the steps at the time the plaintiff entered; that defendant knew that after she entered the home the baseball bat was left on one of the steps; that defendant knew that the steps were not lighted; and that defendant knew that plaintiff would use the steps as she was leaving, are sufficient allegations of fact from which it can be inferred that defendant's failure to warn the plaintiff was wanton negligence. This should be sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted.

I vote to reverse the order of the trial court which sustained the demurrer to the complaint.