WILLIAM L. BAMBERGER, JR. v. ROGER B. BERNHOLZ AND COLEMAN, BERNHOLZ, DICKERSON, BERNHOLZ, GLEDHILL AND HARGRAVE, A NORTH CAROLINA GENERAL PARTNERSHIP

No. 8815SC1363

(Filed 19 December 1989)

1. **Attorneys at Law § 5.1 (NCI3d)— legal malpractice— negligence—summary judgment for defendant improper .**

Summary judgment should not have been granted for defendant on a negligence claim in a legal malpractice action where there was sufficient evidence of defendant attorney's breach of duty to plaintiff; there was no evidence of any contributory negligence by plaintiff; and there was evidence that plaintiff could have recovered on the underlying claim (which was voluntarily dismissed by defendant and not filed within one year) in that the trial court in the original action had denied summary judgment as to one of the defendants, the trial court which granted summary judgment in the refiled action did not state a reason for granting summary judgment, and defendants offered no opinion evidence that plaintiff could not have recovered as a matter of law while plaintiff offered affidavits from two attorneys that defendant's departure from the standard of care caused plaintiff to lose a substantial possibility of recovery.

**Am Jur 2d, Attorneys at Law §§ 202, 203, 215, 223-225.**

2. **Attorneys at Law § 5.2 (NCI3d)— legal malpractice—breach of fiduciary duty and fraud—summary judgment for defendants improper**

The trial court erred by granting summary judgment for defendants on a claim for breach of fiduciary duty and fraud

BAMBERGER v. BERNHOLZ

[96 N.C. App. 555 (1989)]

in a legal malpractice action where the evidence at the summary judgment hearing raised the issue of whether defendant Bernholz falsely failed to inform plaintiff that his case had been dismissed rather than continued; whether that act was calculated and intended to deceive; and whether plaintiff was injured by the alleged false representation.

**Am Jur 2d, Attorneys at Law §§ 202, 203, 215, 223-225.**

**3. Attorneys at Law § 5.1 (NCI3d) — legal malpractice — breach of contract — summary judgment for defendants improper**

The trial court erred by granting summary judgment for defendants on a breach of contract claim in a legal malpractice action where both parties signed a contract, defendants' only hope of prevailing on summary judgment on this issue rests on the contention that plaintiff suffered no injury, and defendants failed to show that a genuine issue of material fact was present as to the damage issue.

**Am Jur 2d, Attorneys at Law §§ 202, 203, 215, 223-225.**

Judge LEWIS dissenting.

APPEAL by plaintiff from *Farmer (Robert L.), Judge.* Order entered 19 August 1988 in Superior Court, ORANGE County. Heard in the Court of Appeals 8 June 1989.

Plaintiff, William L. Bamberger, Jr., instituted a legal malpractice action against defendants Roger Bernholz and the partnership of Coleman, Bernholz, Dickerson, Bernholz, Gledhill and Hargrave on 20 August 1987. A hearing on defendants' motion for summary judgment under G.S. 1A-1, Rule 56 was held on 19 August 1988. The court granted summary judgment for the defendants on 22 August 1988. Plaintiff appeals.

*Elliot & Pishko, P.A., by David C. Pishko, for plaintiff-appellant.*

*Young, Moore, Henderson & Alvis, P.A., by M. Lee Cheney, for defendant-appellees.*

ORR, Judge.

*The Original Case*

The original case out of which this malpractice action arose concerned injuries to plaintiff, Bamberger, that allegedly were caused

by the negligence of plaintiff's girlfriend, Mary Vilas. On 13 March 1980, Bamberger was asked by Mary Vilas to help her type a paper for a graduate school class. Bamberger agreed and proceeded over to Vilas' apartment which was owned by Sally Vilas, Mary Vilas' mother.

After some period of time at the apartment, Bamberger decided to go to bed there while Vilas finished the paper. He went upstairs to the loft where two single beds were located. Vilas' bed was closest to the edge of the loft. There was no railing or other barrier on the loft. Bamberger decided to sleep in Vilas' bed rather than in her roommate's bed.

Bamberger started to push the twin beds together as he had in the past when he had stayed there. Mary Vilas stated in her deposition, "[H]e started to push my bed over towards hers away from the edge. And I told him not to do that." She was asked why she told him not to push the beds together. She responded,

> Because I was a little pissed off at him about the paper. And I didn't want to have to climb over him to get into bed, because that—I remember—I think that—I am pretty sure that my bed was the trundle bed. So it didn't actually have a footboard.
>
> .  .  .
>
> And I would have to climb over that. And it was just easier. I told him to leave it and that I would move it when I came to bed, which was going to be pretty soon, but not right that minute.

When Ms. Vilas came to bed, she decided not to push the beds together because she was tired, and it would be hard to move the bed with plaintiff in it. During the course of the night, plaintiff got out of the bed to go down the stairs and use the bathroom. He tried to walk along the side of the bed closest to the edge of the loft. The bed was still along this ledge, and he fell from the loft to the floor below.

Plaintiff later engaged Bernholz to either settle his claims with Vilas' insurer or file suit. Bernholz made a settlement offer to the insurer for $150,000.00, which was denied. On 20 February, 1983, plaintiff wrote Bernholz and reminded him to file the complaint because the three-year statute of limitations would expire on 13 March 1983. There is no evidence that Bernholz ever discouraged plaintiff from filing suit for any reason.

Mary Vilas and her mother who owned the loft apartment where the accident occurred were named as defendants in the original case. On 14 February 1984, they made a motion for summary judgment. The court allowed summary judgment on 9 April 1984 as to the mother, Sally Vilas, but not as to the daughter, Mary.

On 22 August 1984, the original case was called for trial. Plaintiff was supposed to move out of town that week, and he alleges he spoke to Bernholz several times about delaying the moving date in order to be present for the trial. Bernholz believed he would have no trouble getting a continuance for the trial and told the plaintiff to go ahead and move. On 22 August 1984, when the case was called, the court denied plaintiff's motion for a continuance, and Bernholz took a voluntary dismissal in open court under G.S. 1A-1, Rule 41. However, he failed to notify plaintiff of this action.

In October, plaintiff wrote Bernholz inquiring whether the court date would be scheduled during his November vacation. Bernholz knew that plaintiff did not even have a current case pending after the voluntary dismissal. However, he wrote plaintiff a letter leading him to believe that he did in fact have a case which simply needed to be rescheduled, not refiled.

### The Refiled Original Case

Since the voluntary dismissal of the original case was taken on 22 August 1984, plaintiff's attorney had one year to refile the action. G.S. 1A-1, Rule 41(a)(1), N.C. Rules of Civil Procedure. *See Danielson v. Cummings*, 300 N.C. 175, 265 S.E.2d 161 (1980). The case, however, was not filed until 26 August 1985, more than one year after the dismissal.

The attorney for the defendants, Mary and Sally Vilas, moved for summary judgment which was heard on 7 July 1986. At the hearing, the Vilas' attorney presented three arguments as grounds for granting the summary judgment motion in his clients' favor. First, there was no issue of fact regarding liability against Sally or Mary Vilas and they were entitled to judgment as a matter of law because they did not breach the duty of care owed to the plaintiff. Secondly, he argued that as to Sally Vilas this action was *res judicata* because of Judge Battle's judgment of 8 April 1984 granting summary judgment in her favor. Finally, he contended the suit against Mary and Sally Vilas could not go to trial because the action would be barred for failing to refile the action

BAMBERGER v. BERNHOLZ

[96 N.C. App. 555 (1989)]

within one year of the voluntary dismissal per Rule 41. The trial court granted summary judgment for both defendants, but did not indicate the basis for the judgment.

## The Legal Malpractice Case

Plaintiff Bamberger subsequently filed this suit against the defendants Bernholz and the law firm in which he is a general partner. The complaint alleged four primary causes of action arising out of Bernholz's handling of Bamberger's original case against Mary and Sally Vilas: (1) negligence, (2) fraud, (3) breach of fiduciary duty, and (4) breach of contract. Defendants moved for summary judgment on 21 July 1988.

On 11 August and 15 August 1988, plaintiff filed the sworn affidavits of B. Ervin Brown, II and J. Wilson Parker, licensed attorneys in North Carolina who practice in general civil litigation, including personal injury cases. Each attorney averred that he had handled at least 50 personal injury actions. Further, each attorney averred that had defendant been prepared for trial on 22 August 1984, he "could or might have obtained a judgment or settlement favorable to Bamberger."

On 22 August 1988, the trial court granted all of defendants' motions. The defendants' principal argument is that plaintiff's claims in the case *sub judice* must fail because any alleged wrongdoing by the defendant Bernholz could not have proximately caused any damage to plaintiff, since plaintiff's original claim was without merit as a matter of law based upon the defendant Mary Vilas' lack of duty to the plaintiff as a licensee. In North Carolina, an owner or occupier of premises is not under a duty to a licensee to maintain the premises in a safe or suitable condition or warn him of hidden dangers or perils of which the owner has actual or implied knowledge. *Haddock v. Lassiter*, 8 N.C. App. 243, 174 S.E.2d 50 (1970).

## A. The Negligence Claim

An attorney is liable to his client for legal malpractice if the client proves "(1) that the attorney breached the duties owed to his client, as set forth by *Hodges v. Carter*, 239 N.C. 517, 80 S.E.2d 144 (1954), and that this negligence (2) proximately caused (3) damage to the plaintiff." *Rorrer v. Cooke*, 313 N.C. 338, 355, 329 S.E.2d 355, 366 (1985).

In addressing the question before this Court as to the correctness of the trial court's entry of summary judgment for defendants, we first note the standard for granting such a motion.

A motion for summary judgment under G.S. 1A-1, Rule 56(c) "shall be rendered . . . if the pleadings, depositions, . . . show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." This remedy permits the trial court to decide whether a genuine issue of material fact exists; it does not allow the court to decide an issue of fact. *Sauls v. Charlotte Liberty Mut. Ins. Co.*, 62 N.C. App. 533, 535, 303 S.E.2d 358, 360 (1983) (citations omitted). The trial court must determine if there is a triable material issue of fact, viewing all evidence presented in the light most favorable to the nonmoving party. *Land-of-Sky Regional Council v. Co. of Henderson*, 78 N.C. App. 85, 87, 336 S.E.2d 653, 654 (1985), *disc. rev. denied*, 316 N.C. 553, 344 S.E.2d 7 (1986); *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 258, 335 S.E.2d 79, 83 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E.2d 39 (1986).

The standard for granting summary judgment in a legal malpractice action was refined further in *Rorrer:*

In a negligence action, summary judgment for defendant is proper where the evidence fails to establish negligence on the part of defendant, establishes contributory negligence on the part of plaintiff, or establishes that the alleged negligent conduct was not the proximate cause of the injury.

*Rorrer*, 313 N.C. at 355, 329 S.E.2d at 366 (citations omitted).

We now consider whether plaintiff's evidence was sufficient in light of these standards to overcome the summary judgment motion.

[1] Clearly, there was sufficient evidence of defendant Bernholz's breach of duty to plaintiff by failing to refile the original case in a timely fashion, and there was no evidence of any contributory negligence by plaintiff in that regard so as to defeat the defendants' summary judgment motion. The ultimate question therefore remains whether there was a genuine issue of material fact raised as to the alleged negligent conduct being the proximate cause of an injury.

Where the plaintiff bringing suit for legal malpractice has lost another suit allegedly due to his attorney's negligence,

BAMBERGER v. BERNHOLZ

[96 N.C. App. 555 (1989)]

to prove that but for the attorney's negligence plaintiff would not have suffered the loss, plaintiff must prove that:

1) The original claim was valid;

2) It would have resulted in a judgment in his favor; and

3) The judgment would have been collectible.

*Rorrer*, 313 N.C. at 361, 329 S.E.2d at 369 (citations omitted).

Defendants contend that they are entitled to summary judgment because plaintiff could not have recovered on his original claim and that there is no genuine issue of fact on this question. We disagree.

The evidence relied upon by defendants consists of the record of the original case and the refiled case and affidavits filed in the case *sub judice*. We see nothing there, however, that would mandate summary judgment for defendants. In the original case, the trial court *denied* defendant Mary Vilas' motion for summary judgment which certainly indicates one Superior Court Judge felt that plaintiff's claim was not defeated as a matter of law upon the facts pled.

Likewise, in the refiled case, defendant's reliance on the record is misplaced. At best, this Court can conclude that the trial court considered all of the grounds argued by Mary and Sally Vilas including the merits of the claim *and* the fact that the case had been refiled beyond the one-year limitation. The trial court did not state a reason for granting summary judgment in the refiled case. This Court is not in the position to review the merits of the refiled case which was not appealed.

Furthermore, defendants offered no opinion evidence to the effect that plaintiff could not recover as a matter of law. To the contrary, plaintiff offered affidavits of licensed attorneys B. Ervin Brown, II and J. Wilson Parker, stating in their professional opinions that defendant Bernholz's departure from the standard of care "caused Bamberger to lose a substantial possibility of recovery . . . ." Therefore, defendants failed to carry their burden of showing that there was no genuine issue of material fact on the issue of proximate cause and that they were entitled to judgment as a matter of law. The trial court erred in granting defendants' motion for summary judgment on the negligence issue.

B.

**[2]** Plaintiff next contends the trial court erred in granting summary judgment for the defendants on claims for breach of fiduciary duty and fraud because the record contains evidence sufficient to raise a genuine issue of material fact.

The Supreme Court established the essential elements of actionable fraud as follows: "(1) [A] false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) and which does, in fact, deceive; (5) to the hurt of the injured party." *Vail v. Vail*, 233 N.C. 109, 113, 63 S.E.2d 202, 205 (1951). However, "[c]onstructive fraud differs from active fraud in that the intent to deceive is not an essential element, but it is nevertheless fraud though it rests upon presumption arising from breach of fiduciary obligation rather than deception intentionally practiced." *Miller v. Bank*, 234 N.C. 309, 316, 67 S.E.2d 362, 367 (1951) (citations omitted). "Where a relation of trust and confidence exists between the parties 'there is a duty to disclose all material facts, and failure to do so constitutes fraud.'" *Vail* at 114, 63 S.E.2d at 206 (citation omitted).

As to each of these elements, there exists a genuine issue of material fact. The evidence produced at the summary judgment hearing raises the issue of whether Bernholz falsely failed to inform plaintiff that his case had been dismissed rather than continued; whether that act was calculated and intended to deceive; and finally whether the plaintiff was injured by the alleged false representation. Summary judgment was improper as to this cause of action.

C.

**[3]** As to the breach of contract issue, both parties, designated as attorney and client, signed a contract which provided as follows, in pertinent part:

I.

That the attorneys will represent the client in bringing and prosecuting to a conclusion such action as may be required to enforce client's right as a consequence of damages sustained in an accident which occurred on or about March 13, 1980 . . . .

As consideration for the attorney representation of Bamberger, the contract further provided that:

BAMBERGER v. BERNHOLZ

[96 N.C. App. 555 (1989)]

## II.

Compensation shall be due the attorneys at the rate of 33⅓% of any settlement or recovery without the filing of a lawsuit, or 40% in the event a lawsuit is filed for recovery of damages. Such compensation shall be for work performed by the attorneys through a trial if any.

Defendants' only hope for prevailing on summary judgment as to this cause of action would again rest on the contention that no injury was suffered by plaintiff as a result of the alleged breach of contract. Again, defendants have failed, as discussed under the negligence cause of action, to show that no genuine issue of material fact is present as to the damage issue. Plaintiff's likelihood of prevailing on the original case is a question of fact in this case for determination by the jury.

The decision of the trial court is reversed.

Reversed.

Judge PARKER concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent. The standard in a legal malpractice case is set out in *Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985). These requirements are: (1) that the original claim was valid; (2) it would have resulted in a judgment in his favor; (3) the judgment would have been collectible. Whether we consider the causes of action brought here by the defendant in negligence, fraud, breach of fiduciary duty or breach of contract, the plaintiff would have to prove the original claim against Mary or Sally Vilas was valid. This I do not believe is possible and would sustain the trial judge in granting summary judgment.

The entire underlying case turns on whether Mr. Bamberger was a licensee or an invitee the night he visited Ms. Vilas' home. A social guest in a private home is a licensee; *Murrell v. Handley*, 245 N.C. 559, 562, 96 S.E.2d 717, 720 (1957). One's status does not change from licensee to invitee simply because he renders some minor or incidental service for his host or hostess. *Id.* The

plaintiff here went over to his girlfriend's house to possibly help her type a paper that was due the next day. He in fact never did any typing for her and instead went upstairs to bed. There is nothing in these facts to indicate that he was anything but a licensee. The only duty a person owes a licensee is to refrain from willful, wanton or intentional conduct. There is nothing in the record to indicate that Ms. Vilas willfully or wantonly disregarded the safety of the plaintiff and certainly nothing to indicate any intentional harm inflicted upon him. *See Murrell v. Handley, supra; McCurry v. Wilson*, 90 N.C. App. 642, 369 S.E.2d 389 (1988). The plaintiff's forecast of the evidence as to the defendant's quality of representation is certainly unflattering but that is not the main point in this case; the law is clear as to the requirement for the success of a legal malpractice action and in this case the first hurdle cannot be cleared.