EDITH LANCASTER, PLAINTIFF-RESPONDENT, v. HIGH-LANDS FINANCE CORPORATION, TRADING UNDER THE FIRM NAME AND STYLE OF HIGHLANDS AUDITORIUM, DEFENDANT-APPELLANT.

Argued October 22, 1936—Decided January 22, 1937.

For the plaintiff-respondent, *Michael Shershin* and *Milton Werksman*.

For the defendant-appellant, *Reginald V. Spell, A. William Wann* and *William A. Hengeveld*.

The opinion of the court was delivered by

WOLFSKEIL, J.   Defendant appeals from a judgment obtained by the plaintiff for injuries sustained as the result of a fall alleged to have been due to the negligence of the defendant in failing sufficiently to illuminate the lobby of a motion picture theatre operated by it.   Motions for nonsuit and direction of verdict for the defendant were denied and the denial is the ground urged for reversal.

From the proofs adduced on behalf of the plaintiff it appears that she visited the theatre of the defendant in the company of several relatives.   After witnessing the presentation of a picture she proceeded to leave the darkened auditorium through a closed door located at the end of the right aisle.   This door had a red light over it marked "Exit" and swung outward.   As plaintiff pushed her way through the door to enter the lobby of the theatre she fell over two steps and was injured.   There was testimony that the light in the lobby was so dim that she was unable to distinguish between the levels of the auditorium and the lobby and that it all looked like one platform.   There was a chandelier in the center of the lobby and a spotlight on the right.   There is some discrepancy as to the volume of the light which radiated from these fixtures, plaintiff's daughter testifying that the spotlight was not lighted while another witness said the chandelier was dimly lighted.   The proof from these witnesses, however, was to the effect that the lobby was very dark and that they were unable to perceive the steps where plaintiff fell, or at best only vaguely.   The posture of the proofs after the defendant's case had been submitted was substantially the same with but few exceptions.   It was admitted that the center chandelier had been shut off when the box office was closed at

about nine-thirty P. M. It was claimed, however, that when the accident occurred there was a baby spotlight burning a four hundred stereopticon bulb on the right of the lobby and a one hundred watt lamp over the box office from which there was sufficient light so that people could see to safely enter or leave the theatre from the right or left door. There was also offered in evidence for the defendant a photograph (*Exhibit D-2*) from which it is apparent that the steps immediately beyond the door opening outward between the interior of the theatre and the lower level of the lobby had a descent flush with the line of the door.

It is a well settled rule that in passing upon motions to nonsuit and for the direction of a verdict the court cannot weigh the evidence but must take as true all evidence which supports the view of the party against whom the motions are made and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. *Fine & Jackson, &c., Corp.* v. *Lehigh Valley Railroad Co.,* 110 *N. J. L.* 385; *Lipschitz* v. *New York and New Jersey Produce Corp.,* 111 *Id.* 392; *Repasky* v. *Novich,* 113 *Id.* 126; *Israel* v. *Travelers Insurance Co.,* 116 *Id.* 154. Applying the rule here we are satisfied that a factual question was presented which only the jury could determine and that the motions for nonsuit and to direct a verdict for the defendant were properly denied.

The facts here are very similar to those which were under consideration in the case of *Andre* v. *Mertens,* 88 *N. J. L.* 626. There the plaintiff visited the theatre of the defendant and upon leaving fell on a stairway and was injured. The negligence charged was inadequate lighting of the stairway. The case was submitted to the jury after denial of motions for nonsuit and for the direction of a verdict in favor of the defendant and resulted in a judgment for the plaintiff. In affirming the judgment this court held: "We think the question of the defendant's negligence was for the jury. The proprietor of a theatre, conducted for reward or profit to which the general public are invited to attend performances, must use ordinary care to make the premises as reasonably safe as is consistent with the practical operation of the theatre

and if he fails in his duty he may be held liable for personal injuries occasioned thereby; and this rule applies to the proprietor of a moving picture show."

The case of *Crouse* v. *Stacy-Trent,* 110 *N. J. L.* 128, where the plaintiff fell over a step in a lavatory and was injured because of alleged improper lighting, is also in point. In that case this court, although reversing a judgment for the plaintiff on other grounds, held that: "In view of all the testimony touching the construction, the color of the walls, the failure to light the room so as to apprise a stranger invitee of the existing condition, we conclude that a question of fact requiring submission to the jury was raised both as to the defendant's negligence and Mrs. Crouse's contributory negligence, and that the motions to nonsuit and to direct a verdict for defendant were properly denied."

Appellant argues that its motions for nonsuit and direction of a verdict for the defendant should have been granted for the reason that the plaintiff failed to prove a standard of care from which the defendant deviated, whereas the defendant in its proof established a standard of care and compliance with the standard, and relies chiefly on the case of *Falk* v. *Stanley Fabian Theatre,* 115 *N. J. L.* 141. The facts in that case, however, are decidedly distinguishable from those here involved. There the accident occurred and the injury was sustained inside a darkened theatre at a time when a motion picture was being exhibited. Here there was no allegation of a departure from ordinary or established practice or usage, but merely a failure on the part of the defendant to furnish sufficient illumination in the lobby of the theatre which was separated by a partition from the auditorium where the exhibition actually took place, and where illumination to a reasonable extent would neither hamper nor impede the proper exhibition of motion pictures. Certainly plaintiff was not obliged to anticipate that when she passed through the door opening outward and leading from the auditorium to the lobby there would be a descent of steps, flush with the line of the door, which would be so obscured by darkness that they could only vaguely be seen. Nor would this depend upon what other theatres similarly constructed did under like circumstances.

Obviously, therefore, it would not be possible nor would it be material for the plaintiff to prove a standard as to what constituted proper lighting for the lobby of a theatre.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.   14.

*For reversal*—None.