JUDY C. KEARNS, Plaintiff v. WILLIAM F. HORSLEY, DONALDSON & BLACK, P.A. f/k/a DONALDSON & HORSLEY, P.A., Defendants

No. COA00-399

(Filed 19 June 2001)

**1. Premises Liability— New Jersey law—tripping on carpet in theater—directed verdict—judgment notwithstanding the verdict**

The trial court did not misapply New Jersey law to the underlying negligence case in an action for attorney malpractice and did not err by failing to grant plaintiff's motions for directed verdict or judgment notwithstanding the verdict based on plaintiff's demonstration that she tripped on torn carpet in a New Jersey theater, because: (1) plaintiff failed to identify any mode of operation of the theater which caused her injury in order to shift the burden of proof to the theater; (2) plaintiff's argument that the darkened theater was the negligent mode of operation fails since movie theaters could not do business at all if they could not be darkened; (3) plaintiff failed to show the theater breached any duty owed to plaintiff; and (4) there was no showing the theater was on notice of the dangerous condition.

**2. Trials— motion to bifurcate—legal malpractice claim— underlying negligence claim**

The trial court did not abuse its discretion in a legal malpractice case arising out of the underlying negligence case by granting defendant attorneys' motion to bifurcate the trial under N.C.G.S. § 1A-1, Rule 42(b), because: (1) defendants would have been prejudiced if both cases were tried at once since the issues of the two cases against different defendants requires the application of different state laws; and (2) there was no showing the timing of defendants' motion prejudiced plaintiff.

**KEARNS v. HORSLEY**

[144 N.C. App. 200 (2001)]

### 3. Trials— legal malpractice claim—underlying negligence claim—voir dire—severance of trial

The trial court did not err in a legal malpractice case arising out of the underlying negligence case by failing to allow plaintiff to conduct a voir dire to show that severance of the trial was improper, because plaintiff's request did not shed light on what evidence she intended to introduce.

### 4. Attorneys— legal malpractice—failure to file within statute of limitations—proof of validity of underlying claim

The trial court did not err in a legal malpractice case by failing to shift the burden to defendant attorneys to prove that plaintiff would have failed to recover in her underlying negligence claim against a New Jersey theater even if defendants filed her claim within the statute of limitations, because plaintiff was required to prove the validity of her underlying claim before she was entitled to go forward with her claim against the present defendants.

Appeal by plaintiff from judgment and an order entered 1 June 1999 by Judge Sanford L. Steelman, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 26 February 2001.

*Wyatt Early Harris & Wheeler, by Stanley F. Hammer, for plaintiff-appellant.*

*Bell, Davis & Pitt, P.A., by J. Dennis Bailey and Stephen M. Russell, for defendant-appellees.*

HUNTER, Judge.

Judy C. Kearns ("plaintiff") appeals: (1) the trial court's judgment dismissing her legal malpractice claim against William F. Horsley, Donaldson & Black, P.A. f/k/a Donaldson & Horsley, P.A. (collectively herein, "defendants"), based on the jury's verdict, and (2) the trial court's order denying plaintiff's motions for directed verdict, judgment notwithstanding the verdict, and a new trial. We find no error.

Although plaintiff's claim against defendants emerges out of a prior claim against an entirely different entity (herein, "General Cinemas"), we will expound on the underlying claim's facts only as necessary in addressing the issues raised in the present action.

**KEARNS v. HORSLEY**

[144 N.C. App. 200 (2001)]

Therefore, at the outset, the facts pertinent to this present appeal are as follows and are undisputed. On 1 June 1992, plaintiff attended the movies, with three colleagues, at a General Cinema in New Jersey. Just after the house lights dimmed, and while the previews began to show, plaintiff got up from her seat to use the restroom. While walking up the aisle, plaintiff tripped and fell, injuring her knee. On 5 May 1993, plaintiff hired defendants to represent her in her personal injury claim against General Cinemas on the basis that she believed she tripped on torn carpeting and General Cinemas was therefore negligent. Because "no action was filed on [plaintiff's] behalf within two years following the accident," plaintiff filed this action against the present defendants for legal malpractice, arguing that defendants had allowed the New Jersey statute of limitations to run on her claim against General Cinemas. Conversely, defendants deny "that her claim was time-barred."

The issues presented were originally tried before a jury "during the October 19, 1998 Civil Session of Superior Court, Guilford County," which trial ended in a mistrial. Thus, we deal solely with the second trial which ended with a jury verdict in defendants' favor rendered 30 April 1999. At that trial, defendants moved for bifurcation of the issues—specifically requesting that plaintiff be required to first prove that her "original claim was valid and would have resulted in a judgment in her favor against [General Cinemas,]" before she would be allowed to present evidence of the defendants' negligence in prosecuting that claim. The trial court granted defendants' motion. The trial court ruled, and so instructed the jury, that New Jersey law applied to plaintiff's personal injury claim of negligence against General Cinemas. However, the trial court denied plaintiff's requests to instruct the jury: (1) "that the plaintiff was not required to prove that a landowner had actual or constructive notice of the tear [in the carpet] if a mode of operation at the theatre created the tear," and (2) that defendants had the burden of proving that plaintiff was not injured by General Cinemas' negligence.

At the close of defendants' case-in-chief, plaintiff moved for a directed verdict, which motion was denied. Then after the jury returned its verdict finding no negligence on the part of General Cinemas, plaintiff moved for judgment notwithstanding the verdict or in the alternative, a new trial. These motions were also denied. Without a finding of negligence on the part of General Cinemas, plaintiff is unable to pursue her present claim against defendants. Thus, plaintiff appeals.

**KEARNS v. HORSLEY**

[144 N.C. App. 200 (2001)]

**[1]** Plaintiff brings forward five assignments of error for this Court's review. First, plaintiff argues that the trial court misapplied the applicable New Jersey law and thus, erred in failing to grant either her directed verdict or judgment notwithstanding the verdict motions where she demonstrated that she tripped on General Cinemas' torn carpet. It is plaintiff's contention that New Jersey law does not require her to show that General Cinemas had actual or constructive knowledge of the defect or that it breached its duty to plaintiff in some way, because the incident at issue creates "an inference of negligence," which defendants did not overcome. We disagree.

Where the plaintiff bringing suit for legal malpractice has lost another suit allegedly due to h[er] attorney's negligence, to prove that but for the attorney's negligence plaintiff would not have suffered the loss, plaintiff must prove that:

(1) The original claim was valid;

(2) It would have resulted in a judgment in h[er] favor; and

(3) The judgment would have been collectible.

*Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985). Therefore in the case at bar, in order for plaintiff to be able to go forward with her malpractice claim against defendants, she must have first proven—in pertinent part and pursuant to New Jersey law—that she had a valid personal injury claim against General Cinemas. To validate her claim against General Cinemas, plaintiff relies on *Wollerman v. Grand Union Stores, Inc.*, 47 N.J. 426, 221 A.2d 513 (1966), in which the Supreme Court of New Jersey opined that,

where a substantial risk of injury is implicit in the manner in which a business is conducted [that is, a business' mode of operation], and on the total scene it is fairly probable that the operator is responsible either in creating the hazard or permitting it to arise or to continue, it would be unjust to saddle the plaintiff with the burden of isolating the precise failure.

*Id.* at 430, 221 A.2d at 515. Thus, plaintiff argues that simply because she tripped on torn carpet in General Cinemas' place of business and was injured, *Wollerman* stands for the proposition that the burden shifted to General Cinemas to prove that it was not negligent in having a torn carpet.

For plaintiff's theory of burden-shifting to apply, we believe plaintiff must have shown (1) that there was an implicit yet substantial risk

of injury in one of General Cinemas' modes of operations and, (2) that "it is fairly probable that [General Cinemas] is responsible either in creating the [torn carpet] or permitting [the carpet to be torn and not be repaired] . . . ." *Id.* Moreover, to show that her injury resulted from one of General Cinemas' modes of operation, plaintiff must have presented evidence that "the reasonable probability of having other than a minor accident from the use of [the torn carpet in General Cinemas' theatre] g[a]ve rise to a duty to take measures against it." *Znoski v. Shop-Rite Supermarkets, Inc.*, 122 N.J. Super. 243, 248, 300 A.2d 164, 167 (1973). We note that in her brief to this Court, plaintiff failed to identify *any* mode of operation of General Cinemas which caused her injury. We further note that there is nothing in the record to show that plaintiff provided such information at trial. Yet, in oral argument to this Court, plaintiff's attorney contended that the darkened theatre was the mode of operation which, in conjunction with the torn carpeting, caused plaintiff's injury. We, like the trial court, are unconvinced that plaintiff's evidence has risen to the level which allows the burden to shift pursuant to the *Wollerman* case. This is because we believe that plaintiff has taken *Wollerman* out of context and therefore, *Wollerman* does not apply.

In that case, Ms. Wollerman was shopping in the defendant-grocery store and slipped on a green bean, injuring herself. The *Wollerman* court stated: "That someone was negligent seems clear enough. Vegetable debris carries an obvious risk of injury to a pedestrian. A prudent man would not place it in an aisle or permit it to remain there." *Wollerman*, 47 N.J. at 428, 221 A.2d at 514. The court then went on to discuss the inherent danger of selling vegetables

> from open bins on a self-service basis, [and] the likelihood that some will fall or be dropped to the floor. *If the operator chooses to sell in this way, he must do what is reasonably necessary to protect the customer from the risk of injury that mode of operation is likely to generate*; and this whether the risk arises from the act of his employee or of someone else he invites to the premises. . . .

*Id.* at 429, 221 A.2d at 514 (emphasis added).

We see from the *Wollerman* court's statement that plaintiff is correct in assuming that: where it is shown that one of General Cinemas' "*mode[s] of operation*" caused the injuries sustained by plaintiff, the burden does shift to General Cinemas to prove that it was not negligent in that mode of operation. *Znoski*, 122 N.J. Super. at 247, 300

A.2d at 166. However, the present plaintiff failed to make the necessary showing. It is not enough for plaintiff to show only that she was injured by tripping over torn carpet in General Cinemas' place of business. Plaintiff must also show that in some way the torn carpet was a direct result of one of General Cinemas' modes of operation. *Wollerman*, 47 N.J. at 429, 221 A.2d at 514. This plaintiff failed to do.

Even in arguing that the darkened theatre was the negligent mode of operation at issue, plaintiff's argument must fail—for the simple reasoning that, movie theatres could not do business at all if they could not be darkened. *Falk v. Stanley Fabian Corp.*, 115 N.J.L. 141, 142, 178 A. 740, 741 (1935) ("[a] moving picture house *necessarily* operates in partial darkness. With a flood of diffused light, there would be no picture.") (Emphasis added.) Thus, this "mode of operation" is a theatre's *only* method of operation and as such, the theatre cannot be considered negligent but instead, its patrons must be considered to have assumed the risk in order to take part in the activity provided. *Id.* at 145, 178 A. at 742 ("[p]atrons of places of amusement assume the risk or dangers normally attendant thereon"). Further:

> It has been held that a moving picture operator violates no duty to a patron if, while a picture is being shown, the condition of light is that ordinarily used in exhibiting moving pictures to enable the audience to get a reasonably clear view of the image thrown on the screen. . . .

*Id.* at 143, 178 A. at 742-43. Thus, the darkening of the area within the theatre where the movie is being shown, is an operation of practicality and "compl[ies] with ordinarily used standards of care in [the] particular activit[y] . . . ." *Nierman v. Casino Arena Attractions, Inc.*, 46 N.J. Super. 566, 572, 135 A.2d 210, 213 (1957).

The *Wollerman* case, upon which plaintiff relies, deals solely with a plaintiff who was injured through some negligence caused in the defendant-grocer's mode of operation. However since, in the present case, plaintiff failed to show any negligent mode of operation through which she was injured, *Wollerman* is inapplicable. Thus, having offered no evidence regarding any mode of operation of the theatre that caused or could have caused the tear in the carpet, the present plaintiff could not shift the burden of proof to General Cinemas.

Instead, plaintiff was properly required to present the standard *prima facie* case of negligence against General Cinemas—including a

showing that General Cinemas owed her a duty with regard to the carpet. *Endre v. Arnold*, 300 N.J. Super. 136, 692 A.2d 97 (1997).

> Three elements are essential for the existence of a cause of action in negligence: (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach. Whether a duty exists is solely a question of law to be decided by a court and not by submission to a jury. *Wang v. Allstate Ins. Co.*, 125 N.J. 2, 15, 592 A.2d 527 (1991).

*Id.* at 142, 692 A.2d at 100 (citations omitted). Additionally, we agree with the *Znoski* court, which stated:

> We are unable to say that a substantial risk of injury is implicit, or inherent, in [General Cinemas' providing carpet for patrons to walk on. Carpets] are not dangerous instrumentalities, and they are uniquely suitable for the purpose for which furnished. [General Cinemas' theatre] was under a legal duty of exercising ordinary care to furnish a reasonably safe place and safe equipment for its patrons consistent with its operation and the scope of its invitation. It is not an insurer for the safety of its patrons. The issue is not merely whether it was foreseeable that patrons, or other third parties, would negligently or intentionally [trip over the carpet—where torn], but whether a duty exists to take measures to guard against such happenings. . . .
>
> *[Nevertheless, where] a duty exists is ultimately a question of fairness. . . .*

*Znoski*, 122 N.J. Super. 243, 247-48, 300 A.2d 164, 166.

Thus, specific to General Cinemas' business as a movie theatre, the general rule is that:

> The proprietor of a theater conducted for reward or profit, to which the general public are invited to attend performances, must use ordinary care to make the premises as reasonably safe as is consistent with the practical operation of the theater, and, if he fails in this duty, he may be held liable for personal injuries occasioned thereby; and this rule applies to the proprietor of a moving picture show.

*Lancaster v. Highlands Finance Corp.*, 117 N.J.L. 476, 478-79, 189 A. 371, 372 (1937). Nevertheless in the case at bar, plaintiff failed to present a *prima facie* case of negligence against General Cinemas

because she lacked any showing of General Cinemas' breaching a duty owed her.

Further, even if plaintiff could have produced evidence that General Cinemas owed her a duty of care with regard to the carpet, without evidence that General Cinemas knew of the tear in the carpet or of how long the tear had been there before she fell, plaintiff lacked the necessary evidence to support a jury's finding that General Cinemas was on notice of the dangerous condition. Our research reveals that New Jersey courts have long held that to support a finding of culpable negligence, a plaintiff must show that the defendant either: (1) created the defect; (2) actually knew of the defect and permitted the continued hazardous use thereof; or (3) failed to discover the defect's existence in the exercise of reasonable care in the form of inspection. *Nierman*, 46 N.J. Super. at 571, 135 A.2d at 212.

Since a motion for judgment notwithstanding the verdict is simply a renewal of a party's earlier motion for directed verdict, the standard of review is the same for both motions. *Tomika Invs., Inc. v. Macedonia True Vine Pent. Holiness Ch. of God*, 136 N.C. App. 493, 498, 524 S.E.2d 591, 595 (2000). Thus, we deal with them together. It has long been established that:

> On appeal the standard of review for a JNOV [judgment notwithstanding the verdict] is the same as that for a directed verdict, that is whether the evidence was sufficient to go to the jury. The hurdle is high for the moving party as *the motion should be denied if there is more than a scintilla of evidence to support the plaintiff's prima facie case.*

*Id.* at 498-99, 524 S.E.2d at 595 (citations omitted) (emphasis added).

Furthermore, our Supreme Court has held that:

> In ruling on a motion for directed verdict pursuant to N.C.G.S. § 1A-1, Rule 50(a), the trial court must consider the evidence in the light most favorable to the plaintiff. The evidence supporting the plaintiff's claims must be taken as true, and all contradictions, conflicts, and inconsistencies must be resolved in the plaintiff's favor, giving the plaintiff the benefit of every reasonable inference. [Additionally, a] directed verdict is seldom appropriate in a negligence action. . . .

*Newton v. New Hanover County Bd. of Education*, 342 N.C. 554, 563, 467 S.E.2d 58, 65 (1996) (citation omitted). We have already held that

plaintiff was not entitled to a shift in the burden of proof since she failed to establish "an inference of negligence" pursuant to *Wollerman*, 47 N.J. at 429, 221 A.2d at 515. We have further opined that plaintiff failed to present the necessary *prima facie* case of ordinary negligence. Therefore, we hold that the trial court did not err in applying New Jersey law and plaintiff was neither entitled to a grant of her directed verdict nor judgment notwithstanding the verdict motions.

We need not address plaintiff's next assignment of error: that the trial court erred by refusing to instruct the jury according to the *New Jersey Model Jury Charges—Civil* § 5.24B, paragraphs 9 and 11 which is based on *Wollerman*. Having already held that *Wollerman* is inapplicable to plaintiff's case, it necessarily follows that plaintiff was not entitled to the *Wollerman* jury instruction.

**[2]** Thirdly, plaintiff argues that the trial court committed reversible error by granting defendants' motion to bifurcate the trial. It is plaintiff's contention that the issues of liability and damages "were inextricably related." N.C. Gen. Stat. § 1A-1, Rule 42(b) (1999) provides:

> The court may in furtherance of convenience or to avoid prejudice and shall for considerations of venue upon timely motion order a separate trial of any claim, crossclaim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, crossclaims, counterclaims, third-party claims, or issues.

In her brief to this Court, plaintiff concedes that pursuant to N.C. Gen. Stat. § 1A-1, Rule 42(b), "[t]he trial court is vested with broad discretionary authority in determining whether to bifurcate a trial . . . and this Court will not disturb the ruling unless it is manifestly unsupported by reason." However, plaintiff further states that this Court has held "that discretion should be exercised only in furtherance of convenience or to avoid prejudice." Thus, it is plaintiff's argument that the trial court abused its discretion because severance was unnecessary to avoid prejudice, and defendants' motion was untimely. We disagree.

In granting defendants' motion for severance, the trial court opined:

> Legal negligence cases, such as this case, involve the trying of a "case within a case." The plaintiff must first demonstrate that plaintiff must prove that: (1) the original claim was valid; (2) it would have resulted in a judgment in h[er] favor; and (3) the judg-

ment would have been collectible. *Rorer* [sic] *v. Cook*, 313 N.C. 338, 355, 329 S.E.2d 355, 365-6 (1985). In this case the determination of the first of these three things would require the application of the laws of the State of New Jersey, while the remaining issues in this case would involve the application of the laws of the State of North Carolina.

The Court, in its discretion finds and concludes that in furtherance of convenience and to avoid prejudice in this matter, that the issues of whether the plaintiff's original claim was valid and would have resulted in a judgment in her favor against the original party should be tried separately from the other issues in this matter. The Court further finds that these issues should be tried first before a different jury than will try the other issues.

Noting that the first of plaintiff's trials ended in mistrial, we believe the issues of the two cases against different defendants (even if only hypothetically), requiring the application of different state laws were, no doubt, confusing. We, therefore, agree with the trial court that the trying of both cases at once would likely have prejudiced the present defendants in defending themselves. Thus, we do not agree with plaintiff that the severance was in error. *See In re Will of Hester*, 320 N.C. 738, 360 S.E.2d 801 (1987) and, *Hoots v. Toms and Bazzle*, 100 N.C. App. 412, 396 S.E.2d 820 (1990).

However, plaintiff argues that the motion was untimely made. Neither Rule 42(b) nor this Court has defined what is a "timely" motion for severance, and plaintiff does not attempt to either. Yet, plaintiff argues that because discovery was completed and the motion was made two weeks before trial, the motion was untimely and she was prejudiced. Contrary to plaintiff's argument and reversing this Court, our Supreme Court held that the severance of issues at the time they were submitted to the jury was proper. *Hester*, 320 N.C. 738, 360 S.E.2d 801. Therefore, without plaintiff's showing that the timing of defendants' motion prejudiced her, we hold that the motion was timely. *Id.* Regarding being prejudiced, plaintiff contends, "[s]pecifically, as a result of the severance ruling, plaintiff was unable to offer proof that General Cinemas' insurer investigated Ms. Kearn's case and found that there was torn carpet on the premises." We find no prejudice—and particularly, we note that plaintiff's argument of prejudice applies to the motion itself and not to the timing of the motion. "A trial court abuses its discretion when it makes 'a patently arbitrary decision, manifestly unsupported by reason.'" *Roberts v. Young*, 120

N.C. App. 720, 725, 464 S.E.2d 78, 82 (1995) (quoting *Buford v. General Motors Corp.*, 339 N.C. 396, 406, 451 S.E.2d 293, 298 (1994)). Plaintiff argues the error was an abuse of discretion, yet she offers no evidence to support her assertion, and we have found none. Thus, plaintiff's assignment is overruled.

**[3]** Plaintiff's fourth assignment of error is that the trial court committed reversible error by not allowing her to "put on a voir dire as to some of the things [she] would have put in[to evidence] had this not been severed." Plaintiff further argues that she was prejudiced by the trial court's ruling "[t]o the extent that [she] has been unable to persuade this Court that severance was improper . . . ." We are unpersuaded.

We first note that by her last statement above, plaintiff suggests that if the trial court had allowed her *voir dire*, she would—definitively—be able to persuade this Court that severance was improper. However, in making her request to the trial court, plaintiff never clearly outlined just what "things [she] would have put in[to]" the record. Thus, plaintiff essentially is arguing that this Court should grant her a new trial even when the request made sheds no light on what evidence she intended to introduce. We hold plaintiff was not entitled to such *voir dire* and is not now entitled to a new trial.

We note additionally, that all the case law on which plaintiff relies specifically supports a litigant's being "afforded a meaningful opportunity to be heard *when [s]he proposes to present evidence to support a motion.*" (Emphasis added.) That, however, is not the case here. Plaintiff's request for *voir dire* was made at the end of trial, "[a]t the close of the charge conference," and not at the time when defendants requested severance and the trial court was considering it. Therefore, the cases cited by plaintiff are inapplicable because plaintiff's request was not made "in support of [or in opposition of the] motion" to sever. *State v. Battle*, 136 N.C. App. 781, 787, 525 S.E.2d 850, 854 (2000).

**[4]** Plaintiff's final assignment of error is that the trial court erred by not shifting the burden to defendants to prove that plaintiff would have failed to recover in her claim against General Cinemas, even if defendants had filed within the statute of limitations. It is plaintiff's contention that although North Carolina's seminal case of *Rorrer v. Cooke, supra*, requires a plaintiff in a legal malpractice case to demonstrate that the underlying claim was valid and would have resulted in a favorable and collectible judgment, since defendants

KEARNS v. HORSLEY

[144 N.C. App. 200 (2001)]

here missed filing within the applicable statute of limitations, "defendant-attorney[s] should be required to demonstrate that plaintiff would not have prevailed on the underlying claim." We disagree.

To support her argument, plaintiff cites a Louisiana Supreme Court decision, *Jenkins v. St. Paul Fire & Marine Ins. Co.*, 422 So.2d 1109 (1982), in hopes that this Court will consider it persuasive. *Jenkins* stands for the proposition that because a defendant-attorney took plaintiff's case, the case must have had merit. Thus, where defendant-attorney has negligently allowed plaintiff's claim to be time-barred, the *Jenkins* court held that a plaintiff should not be required "to prove the amount of damages [suffered in the underlying case] by trying the 'case within a case' . . . ." *Id.* at 1110. Clearly, *Jenkins* is contrary to North Carolina law.

Instead, we find *Bamberger v. Bernholz*, 326 N.C. 589, 391 S.E.2d 192 (1990), dispositive. In that case, our Supreme Court reversed this Court's holding that the trial court erred in granting defendant-attorney's summary judgment motion, "for the reasons stated in Judge [John] Lewis' dissenting opinion." *Id.* at 589, 391 S.E.2d at 193. We particularly note that there was no doubt that defendant-attorney *had missed filing his plaintiff-client's underlying claim within the statute of limitations. See Bamberger v. Bernholz*, 96 N.C. App. 555, 558, 386 S.E.2d 450, 452 (1989), *reversed*, 326 N.C. 589, 391 S.E.2d 192 (1990). Nevertheless, in his dissent, (now retired) Judge Lewis plainly stated that:

> The standard in a legal malpractice case is set out in *Rorrer v. Cooke* . . . . [Pursuant to which] the plaintiff would have to prove the original claim against [the original defendants] was valid. . . .
>
> The plaintiff's forecast of the evidence as to the defendant[-attorney]'s quality of representation is certainly unflattering but that is not the main point of this case; *the law is clear as to the requirement for the success of a legal malpractice action and in this case the first hurdle [of meeting the Rorrer elements] cannot be cleared.*

*Id.* at 563-64, 386 S.E.2d at 454-55 (emphasis added). Therefore, we hold that the present plaintiff was required to prove her "case within a case" despite her allegation that the defendants allowed the statute of limitations to run on her underlying claim against General Cinemas. Thus, without a showing that her claim against General

ARE-100/800/801 CAPITOLA, LLC v. TRIANGLE LABS., INC.

[144 N.C. App. 212 (2001)]

Cinemas was valid and that it would have resulted in a favorable and collectible judgment, plaintiff was not entitled to go forward with her claim against the present defendants. In North Carolina it is clear that even where a defendant-attorney allows a plaintiff-client's claim to become time-barred, our laws do not support a shifting of the burden of proof to require defendant-attorney to prove that plaintiff-client could not have recovered in her underlying claim even if the claim had been filed within the statute of limitations. *Id.* Thus, the trial court did not err in failing to so hold.

No error.

Chief Judge EAGLES and Judge CAMPBELL concur.