FORMYDUVAL v. BRITT

[177 N.C. App. 654 (2006)]

Affirmed in part, reversed in part, and remanded in part.

Judges HUNTER and McCULLOUGH concur.

––––––––––––

MARIE T. FORMYDUVAL, as Administratrix of the Estate of HARTWELL B. FORMYDUVAL and JOEY FORMYDUVAL, Plaintiffs v. WILLIAM S. BRITT, Individually and d/b/a BRITT & BRITT; and BRITT & BRITT, PLLC, Defendants

No. COA05-584

(Filed 6 June 2006)

**Attorneys— malpractice in claim against doctor—Rule 9(j) not applicable to legal malpractice claim**

The trial court erred by dismissing plaintiffs' legal malpractice action against defendants for failure of the complaint to include the certification required by to N.C.G.S. § 1A-1, Rule 9(j). The clear and unambiguous language of the statute and precedents establish that Rule 9(j) applies solely to medical malpractice actions and not to legal malpractice actions.

Judge BRYANT dissenting.

Appeal by plaintiffs from order entered 3 November 2003 by Judge B. Craig Ellis in Columbus County Superior Court. Heard in the Court of Appeals 30 November 2005.

*The Odom Law Firm, PLLC, by Thomas L. Odom, Jr. and T. LaFontine Odom, Sr., and Williamson & Walton, LLP, by Benton H. Walton, III, for plaintiffs-appellants.*

*Mitchell, Brewer & Richardson, by Ronnie M. Mitchell and Coy E. Brewer, Jr., for defendants-appellees.*

TYSON, Judge.

Marie T. Formyduval, Administratrix of the Estate of Hartwell B. Formyduval, and son, Joey Formyduval (collectively, "plaintiffs") appeal from order entered denying plaintiffs' motion to amend their complaint and dismissing plaintiffs' legal malpractice actions against William S. Britt and Britt & Britt, PLLC (collectively, "defendants"). We reverse and remand.

FORMYDUVAL v. BRITT

[177 N.C. App. 654 (2006)]

## I. Background

In June 1995, plaintiffs retained attorney William S. Britt ("Britt") to represent the Estate of Hartwell B. Formyduval against Dr. David G. Bunn ("Dr. Bunn") in a medical malpractice action seeking damages for the alleged wrongful death of Hartwell B. Formyduval. On 31 August 1995, Britt filed a complaint alleging medical malpractice by Dr. Bunn (the "First Action"). Over the next year and a half, Britt retained expert medical witnesses to testify at trial, took depositions of defense witnesses, and conducted other discovery and evidentiary matters. Britt's primary expert medical witness withdrew prior to the scheduled trial. Britt determined plaintiffs' case was likely to be unsuccessful. Britt voluntarily dismissed this First Action without prejudice on 21 February 1997.

## A. The Underlying Action

Britt filed a summons and a second complaint (the "Second Action") on 19 August 1997. The complaint in the Second Action alleged medical malpractice and again sought damages from Dr. Bunn for the alleged wrongful death of Hartwell Formyduval. Britt retained new expert medical witnesses to testify. The trial was scheduled for 12 April 1999. Prior to trial, Dr. Bunn moved to exclude plaintiffs' proposed experts alleging they failed to qualify under N.C. Gen. Stat. § 8C-1, Rule 702(c) ("[I]f the party against whom or on whose behalf the testimony is offered is a general practitioner, the expert witness, during the year immediately preceding the date of the occurrence that is the basis for the action, must have devoted a majority of his or her professional time to either or both of the following: (1) Active clinical practice as a general practitioner; or (2) Instruction of students in an accredited health professional school or accredited residency or clinical research program in the general practice of medicine.").

After hearing counsel's arguments, the trial court allowed Dr. Bunn's motion and excluded all testimony of plaintiffs' medical experts. After these rulings, Britt announced his intention to rest plaintiffs' case in the absence of expert testimony. Dr. Bunn thereafter moved for a directed verdict pursuant to Rule 50 of the Rules of Civil Procedure. The trial court granted the motion.

Britt appealed to this Court from the trial court's rulings excluding plaintiffs' medical expert witnesses and granting Dr. Bunn's motion for directed verdict. This Court affirmed the ruling to exclude plaintiffs' experts under the 1995 amendments to N.C. Gen. Stat. § 8C-1, Rule 702.

The North Carolina Supreme Court denied plaintiffs' petition for discretionary review. *See Formyduval v. Bunn*, 138 N.C. App. 381, 389, 530 S.E.2d 96, 101, *disc. rev. denied*, 353 N.C. 262, 546 S.E.2d 93 (2000) ("We hold that all three of plaintiff's witnesses are specialists as that term is used in the statute. Thus, they are all disqualified from testifying against defendant pursuant to Rule 702(c).").

### B.  The Present Action

On 10 April 2002, plaintiffs instituted this action for legal malpractice, alleging Britt was negligent in handling the First and Second Action, and that he breached his fiduciary duty to plaintiffs. In their amended answer, defendants denied liability and moved to dismiss plaintiffs' claims alleging failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.

Defendants filed a counterclaim seeking to recover costs and expenses incurred by them during the original representation of plaintiffs in the medical malpractice action. Defendants moved to dismiss the action and maintained plaintiffs failed to allege with specificity in their legal malpractice complaint that pursuant to Rule 9(j) that the medical care had been reviewed by a person qualified as an expert witness who was willing to testify to a deviation from the applicable standard of care.

The date for designation of expert witnesses was set for 17 July 2003. Plaintiffs served their request for the trial court to peremptorily set this matter for trial on 15 September 2003, then 3 November 2003. On 22 August 2003, the parties agreed to require designation of expert witnesses by 2 September 2003 and provided that discovery was to be completed and dispositive motions were to be filed and heard by 17 October 2003. Defendants calendared their motion to dismiss for hearing on 15 September 2003, the date originally set for trial. On 5 September 2003, plaintiffs filed a motion to amend their complaint to allege certification pursuant to Rule 9(j) and to raise the unconstitutionality of Rule 9(j).

### C.  Procedural Rulings

On 15 September 2003, a hearing was held on plaintiffs' motion to amend and defendants' motion to dismiss. The trial court acknowledged the action had been pending for seventeen months, that defendants' motion to dismiss had been pending for fourteen months, and the case was forty-five days away from plaintiffs' peremptory setting on 3 November 2003.

On 3 November 2003, the trial court entered an order denying plaintiffs' motion to amend, finding, *inter alia*, undue delay. in filing the motion and that granting the motion would be futile because the complaint alleging medical malpractice by a health care provider failed to include the Rule 9(j) certification. The trial court further granted defendants' motion to dismiss. Plaintiffs sought to appeal from the order. That appeal was dismissed as interlocutory. On 12 August 2004, the North Carolina Supreme Court declined to review this Court's order dismissing the appeal. *See Formyduval v. Britt*, 601 S.E.2d 530 (No. 303P04) (Aug. 12, 2004) (Unpublished) (order denying writ of *certiorari* to review order of the Court of Appeals). On 14 February 2005, defendants filed a voluntary dismissal without prejudice of their counterclaim. Plaintiffs appeal the trial court's order dismissing all claims against defendants.

## II. Issues

Plaintiffs argue the trial court erred by: (1) dismissing plaintiffs' complaint for failing to include a Rule 9(j) certification of expert witnesses in a medical malpractice action; (2) denying plaintiffs' motion to amend their complaint; and (3) taxing the costs of the action to plaintiffs.

## III. Standard of Review

The trial court specifically dismissed plaintiffs' action for violation of Rule 9(j). Rule 9(j) provides that any action alleging *medical malpractice by a health care provider shall* be dismissed if the complaint does not follow the requirements set forth in the statute. N.C. Gen. Stat. § 1A-1, Rule 9(j) (2005) (effective 1 January 1996).

> Our standard of review of an order allowing a motion to dismiss is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). In ruling upon such a motion, the complaint is to be liberally construed, and the court should not dismiss the complaint "unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987).

*Holloman v. Harrelson*, 149 N.C. App. 861, 864, 561 S.E.2d 351, 353, *disc. rev. denied*, 355 N.C. 748, 565 S.E.2d 665 (2002).

FORMYDUVAL v. BRITT

[177 N.C. App. 654 (2006)]

## IV. Dismissal of Plaintiffs' Legal Malpractice Action

Plaintiffs argue the trial court erred by dismissing their legal malpractice action against defendants pursuant to Rule 9(j). We agree.

Plaintiffs' legal malpractice complaint alleges defendants-attorneys were negligent in representing plaintiffs in two prior medical malpractice claims against Dr. Bunn. The trial court dismissed plaintiffs' legal malpractice action against defendants due to the omission of a Rule 9(j) certification and concluded:

4. The Complaint in this action alleges medical malpractice by a health care provider.

5. Plaintiff's Complaint in this action fails to include the certification required by G.S. § 1A-1, Rule 9(j).

A plaintiff in a legal malpractice action "must establish that the loss would not have occurred but for the attorney's conduct." *Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985) (citation omitted). A plaintiff must prove: "(1) The original claim was valid; (2) It would have resulted in a judgment in his favor; and (3) The judgment would have been collectible." *Id.* (citations omitted). A plaintiff alleging a legal malpractice action must prove a "case within a case," meaning a showing of the viability and likelihood of success of the underlying action. *Kearns v. Horsley*, 144 N.C. App. 200, 211, 552 S.E.2d 1, 8, *disc. rev. denied*, 354 N.C. 573, 559 S.E.2d 179 (2001). Plaintiffs' complaint alleged a likelihood of success in their medical malpractice action against Dr. Bunn but for defendants' legal malpractice. *Id.*

Defendants argue: "[t]he plain language of the statute makes rule 9(j)'s certification or pleading requirements applicable to *any complaint* alleging medical malpractice by a health care provider." Rule 9(j) provides in pertinent:

Medical malpractice.—Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

FORMYDUVAL v. BRITT

[177 N.C. App. 654 (2006)]

(2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen. Stat. § 1A-1, Rule 9(j). The statute clearly and unambiguously applies only to "any complaint alleging medical malpractice by a health care provider." *Id.*

In *Thigpen v. Ngo,* our Supreme Court discussed the legislative intent of Rule 9(j) and held, "our analysis reveals the legislature intended Rule 9(j) to *control pleadings in medical malpractice claims.*" 355 N.C. 198, 203, 558 S.E.2d 162, 166 (2001) (emphasis supplied). The Court further held:

The legislature specifically drafted Rule 9(j) to govern the initiation of *medical malpractice actions* and to require physician review *as a condition for filing the action.* The legislature's intent was to provide a more specialized and stringent procedure *for plaintiffs in medical malpractice claims* through Rule 9(j)'s requirement of expert certification prior to the filing of a complaint.

*Id.* (Emphasis supplied).

In *Hummer v. Pulley,* Judge Bryant writing for this Court stated:

Under the case within a case method of proof, the plaintiff in a legal malpractice action presents the evidence in support of the underlying claim before the jury (or fact-finder) in the malpractice action. The malpractice jury, in essence, then determines the outcome of the underlying case and from that determination reaches the malpractice verdict.

157 N.C. App. 60, 66, 577 S.E.2d 918, 923, *disc. rev. denied,* 357 N.C. 459; 585 S.E.2d 758 (2003) (citation omitted).

The complaint at issue does not seek damages for medical malpractice from a health care provider. Instead, it alleges legal malpractice by attorneys who caused plaintiffs to lose viable medical malpractice actions. Defendants' negligence arises out of their alleged failure to procure expert medical witnesses who could qualify to testify pursuant to

Rule 702. Nothing in Rule 9(j) requires any special pleading for a complaint alleging legal malpractice against an attorney. *State ex rel. Util. Comm'n v. Edmisten*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977) ("When the language of a statute is clear and unambiguous, it must be given effect and its clear meaning may not be evaded by an administrative body or a court under the guise of construction.").

Rule 9(j) is a special pleading requirement that solely applies to plaintiffs who file complaints alleging medical malpractice by a health care provider. Under the clear language of the statute and our Supreme Court's precedents, Rule 9(j) does not apply to a plaintiff alleging legal malpractice against an attorney.

The trial court erred in ruling plaintiffs' legal malpractice action must be dismissed for failure to contain a Rule 9(j) medical malpractice certification. Plaintiffs are only required to proffer sufficient evidence to the jury tending to show Dr. Bunn's alleged negligence to establish their "case within a case."

The trial court also erred in taxing the costs of the action to plaintiffs. Because Rule 9(j) does not apply to plaintiffs' legal malpractice claims against defendants, it is unnecessary to consider plaintiffs' remaining assignments of error.

Our standard of review of defendants' motion to dismiss requires us to: (1) accept all of plaintiffs' allegations as true; (2) review those allegations in a light most favorable to plaintiffs; and (3) deny defendants' motion to dismiss if plaintiffs' complaint states a claim under some legally viable theory. *Harrelson*, 149 N.C. App. at 864, 561 S.E.2d at 353. We do not address the merits of any of plaintiffs' claims under the standard of review applicable for a motion for summary judgment or for a directed verdict. Our holding solely addresses the legal sufficiency of plaintiffs' complaint when challenged by defendants' motion to dismiss.

## V.  Conclusion

The trial court erred by dismissing plaintiffs' legal malpractice action against defendants pursuant to Rule 9(j). The clear and unambiguous language of the statute and precedents establish that Rule 9(j) applies solely to medical malpractice actions and not legal malpractice actions. The trial court's order dismissing plaintiffs' complaint is reversed and this case is remanded for further proceedings consistent with this opinion.

FORMYDUVAL v. BRITT

[177 N.C. App. 654 (2006)]

Reversed and Remanded.

Judge CALABRIA concurs.

Judge BRYANT dissents by separate opinion.

BRYANT, Judge. Dissenting in a separate opinion.

I respectfully disagree with the majority's holding that the trial court erred in dismissing plaintiffs' complaint for failing to include Rule 9(j) certification of expert witnesses in a medical malpractice action.

"In reviewing a dismissal of a complaint for failure to state a claim, the appellate court must determine whether the complaint alleges the substantive elements of a legally recognized claim and whether it gives sufficient notice of the events which produced the claim to enable the adverse party to prepare for trial." *Brandis v. Lightmotive Fatman*, 115 N.C. App. 59, 62, 443 S.E.2d 887, 888 (1994). When determining whether a complaint is sufficient to withstand a Rule 12(b)(6) motion to dismiss, the trial court must discern "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Shell Island Homeowners Ass'n. Inc. v. Tomlinson*, 134 N.C. App. 217, 225, 517 S.E.2d 406, 413 (1999). A motion to dismiss under Rule 12(b)(6) is an appropriate method of determining whether procedural bars to a plaintiffs' claims exist. *See Horton v. Carolina Medicorp*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996).

In a legal malpractice action based upon claims of attorney negligence, a plaintiff is required through the pleadings to place the defendant on notice that plaintiff intends to prove and must then be able to offer proof that plaintiff would not have suffered the harm alleged absent the negligence of his attorney. *Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985). In order for a plaintiff to properly allege and prove causation, plaintiff must establish three things: (1) *the underlying claim upon which the legal malpractice action is based was valid*; (2) the claim would have resulted in a judgment in the plaintiff's favor; and (3) the judgment would have been collectible or enforceable. *Id.* (Emphasis added). In a claim for legal malpractice, plaintiff is required to prove the viability and likelihood of success of the underlying case, which has been referred to as having to prove "a case within a case." *Kearns v. Horsley*, 144 N.C. App. 200, 211, 552 S.E.2d 1, 8 (2001). This requisite applies even if the negligent actions of the attorney resulted in

**FORMYDUVAL v. BRITT**

[177 N.C. App. 654 (2006)]

a total foreclosure of the underlying case being heard on its merits. *See id.* at 211-12, 552 S.E.2d at 8-9.

In the instant case, Judge Ellis ruled plaintiffs' complaint alleging attorney negligence in a medical malpractice case was subject to Rule 9(j), and concluded it was subject to dismissal due to plaintiffs' failure to "include the certification required by G.S. § 1A-1, Rule 9(j)." Because plaintiffs' legal malpractice action was based on defendants' handling of a medical malpractice case, plaintiffs were required to allege and prove a "case within a case." In other words, plaintiffs must properly allege and in order to prevail, ultimately prove the underlying medical malpractice claim. I see no reason to distinguish the pleading requirements as to the underlying medical malpractice claim from the pleading requirements of the legal malpractice claim. *See Hummer v. Pulley, Watson, King & Lischer, P.A.*, 157 N.C. App. 60, 66, 577 S.E.2d 918, 923 (2003) (a legal malpractice plaintiff must prove success of the underlying action even if the attorney's "negligent actions . . . resulted in a total foreclosure of the underlying case being heard on its merits"), *disc. review denied*, 357 N.C. 459, 585 S.E.2d 758. As for a medical malpractice claim, compliance with Rule 9(j) must be made at the time the complaint is filed. *Keith v. Northern Hosp. Dist.*, 129 N.C. App. 402, 499 S.E.2d 200, *disc. review denied*, 348 N.C. 693, 511 S.E.2d 646 (1998). I disagree with plaintiff's argument and the majority's holding that Rule 9(j) certification is not required in this legal malpractice action. Clearly where our jurisprudence requires proof of a case within a case in a legal malpractice action, and where that legal malpractice action is based on medical malpractice, plaintiffs must plead and prove the underlying case. Moreover, *Thigpen* made it clear that the legislature intended Rule 9(j) to control the pleadings in a medical malpractice action. *Thigpen v. Ngo*, 355 N.C. 198, 202, 558 S.E.2d 162, 165 (2002) ("[M]edical malpractice complaints have a distinct requirement of expert certification with which plaintiffs must comply. Such complaints will receive strict consideration by the trial judge. Failure to include the certification necessarily leads to dismissal.").

The underlying medical malpractice action was filed by Mr. Britt on 19 August 1997. Although that original complaint is not in the record before us, plaintiffs accede in their brief the 19 August 1997 action "failed to contain a Rule 9(j) certification." The failure by Mr. Britt to properly certify the medical malpractice action under Rule 9(j) was a specific procedural error that mandated dismissal by the trial court. *See* N.C.G.S. § 1A-1, Rule 9(j) (2005). Likewise plaintiff's complaint in the instant legal malpractice action also failed to include a 9(j) certification

and subjects this case to dismissal. Notwithstanding plaintiff's 5 September 2003 proposed amendment to their legal malpractice complaint to allege, *inter alia,* a Rule 9(j) certification, the proposed amendment "[did] not allege that the review of the medical care at issue in this action took place before the filing of the original [c]omplaint." Thus, plaintiffs have not established the "viability and likelihood of success" of their underlying medical malpractice claim.

In short, plaintiffs have failed to properly plead a "case within a case." Therefore, the trial court did not err in dismissing the legal malpractice complaint and accordingly, I must dissent from the majority.