An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1189

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

BRYANT/SUTPHIN PROPERTIES, LLC AND
DONALD H. SUTPHIN,
    Plaintiffs,

    vs.                                        Guilford County
                                               No. 13 CVS 5523

J. SCOTT HALE, ROBERT E. BOYDOH,
JR., AND BOYDOH & HALE, PLLC,
    Defendants.


    Appeal by Plaintiffs from order entered 8 August 2013 by Judge Richard L. Doughton in Guilford County Superior Court. Heard in the Court of Appeals 19 February 2014.


    *Benson, Brown & Faucher, PLLC, by Drew Brown, for Plaintiff.*

    *Yates, McLamb & Weyher, L.L.P., by Dan J. McLamb and Andrew C. Buckner, for Defendants.*


    DILLON, Judge.


    Bryant/Sutphin Properties, LLC, and Donald H. Sutphin (together, "Plaintiffs"), were the defendants in a lawsuit filed against them by SunTrust Bank (the "SunTrust suit"). Plaintiffs were represented in the SunTrust suit by attorneys J. Scott Hale

and Robert E. Boydoh, Jr., and their law firm Boydoh & Hale, PLLC (together, "Defendants"). Plaintiffs filed the present action against Defendants, alleging that Defendants committed legal malpractice in the SunTrust suit. Plaintiffs' complaint against Defendants was dismissed by the trial court pursuant to Rule 12(b)(6) by order entered 8 August 2013, from which Plaintiffs appeal. We affirm the trial court's order.

## I. Background

On 3 February 2010, SunTrust Bank filed the SunTrust suit against Plaintiffs alleging Plaintiffs' default on a commercial note in the original principal amount of $2,150,000.00. Plaintiff Bryant/Sutphin Properties, LLC, was the borrower on the note, and Plaintiff Mr. Sutphin was a guarantor on the note. Defendants, who were retained to represent Plaintiffs, filed a responsive pleading on behalf of Plaintiffs, which included counterclaims against SunTrust for unfair/deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 ("Chapter 75 counterclaim") and for breach of contract. In the Chapter 75 counterclaim, Plaintiffs alleged that SunTrust had engaged in wrongful conduct which adversely affected Plaintiffs' day-to day business operations by "placing a hold on [Plaintiffs'] corporate accounts so that no funds could be withdrawn from such

Accounts . . . ." *Suntrust Bank v. Bryant/Sutphin Prop., LLC*, __ N.C. App. __, __, 732 S.E.2d 594, 597, *disc. review denied*, 366 N.C. 417, 735 S.E.2d 180 (2012).

At the end of the SunTrust suit trial, the jury found in favor of Plaintiffs on their Chapter 75 counterclaim, awarding $700,000.00, which was trebled to $2,100,000.00. However, the jury found in favor of Suntrust on Plaintiffs' breach of contract counterclaim, determining that no breach of contract had occurred. *Id.* at __, 732 S.E.2d at 597. All parties in the SunTrust suit appealed.

On appeal in the SunTrust suit, we stated that Plaintiffs' Chapter 75 counterclaim must be based on *either* a breach of contract accompanied by "substantial aggravating circumstances" *or* a claim separate and apart from a breach of contract; and, accordingly, since the jury had ruled against Plaintiffs on their breach of contract counterclaim, the only basis upon which their Chapter 75 counterclaim could succeed would be conduct by SunTrust separate and apart from a breach of contract. Ultimately, we held that the trial court erred by entering an award on Plaintiffs' Chapter 75 counterclaim because Plaintiffs had made "no allegations or claims for fraud, constructive

fraud, misrepresentation or the like on the part of [SunTrust]."
*Id.* at __, 732 S.E.2d at 599.

On 2 May 2013, Plaintiffs filed the present action against Defendants for breach of contract and professional negligence, alleging that their Chapter 75 counterclaim against SunTrust in the SunTrust suit ultimately failed on appeal because Defendants had failed to amend the Chapter 75 counterclaim to allege a distinct tort, separate from the breach of contract claim. Essentially, Plaintiffs' lawsuit against Defendants in the present case hinges upon Plaintiffs' belief that Defendants committed malpractice by not alleging fraud, constructive fraud, or misrepresentation in the SunTrust suit, such that Plaintiffs' favorable judgment pertaining to the Chapter 75 counterclaim – having a separate founding basis other than breach of contract - would not have been reversed by this Court.

On 18 July 2013, Defendants filed a Rule 12(b)(6) motion in the present action to dismiss Plaintiffs' action for failure to state a claim upon which relief can be granted. On 8 August 2013, the trial court entered an order granting Defendants' motion and dismissing Plaintiffs' complaint with prejudice. From this order, Plaintiffs appeal.

## II. Analysis

In Plaintiffs' sole argument on appeal, they contend the trial court erred by granting Defendants' Rule 12(b)(6) motion to dismiss. We disagree.

"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979). "In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Id.* (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

"In a professional malpractice case predicated upon a theory of an attorney's negligence, the plaintiff has the burden of proving by the greater weight of the evidence: (1) that the attorney breached the duties owed to his client . . ., and that this negligence (2) proximately caused (3) damage to the plaintiff." *Rorer v. Cooke*, 313 N.C. 338, 355, 329 S.E.2d 355, 365-66 (1985). A plaintiff in a legal malpractice action "must

establish that the loss would not have occurred but for the attorney's conduct." *Id.* at 361, 329 S.E.2d at 369. Said plainly, a plaintiff in a legal malpractice suit must allege and prove the following: "(1) The original claim was valid; (2) It would have resulted in a judgment in his favor; and (3) The judgment would have been collectible." *Id.* "A plaintiff alleging a legal malpractice action must prove a 'case within a case,' meaning a showing of the viability and likelihood of success of the underlying action." *Formyduval v. Britt*, 177 N.C. App. 654, 658, 630 S.E.2d 192, 194 (2006).

In this case, except for Plaintiffs' breach of contract claim that Defendants charged "excessive fees," all of Plaintiffs' claims appear to be based on Plaintiffs' failure to amend the counterclaim in the SunTrust suit. Plaintiffs allege the original Chapter 75 claim against SunTrust was valid and would have resulted in a judgment in their favor *but for* Defendants' negligent failure to amend the counterclaim with a "distinct tort claim[] separate and apart from a breach of contract[.]" Specifically, Plaintiffs state that Defendants should have amended the counterclaim in the SunTrust suit to allege "Negligent and/or Fraudulent Representation." However, it was also incumbent on Plaintiffs to allege in their complaint

the circumstances that would have given rise to a valid claim against SunTrust for negligent or fraudulent misrepresentation. However, the only representation which Plaintiffs allege that SunTrust made was that SunTrust had "falsely led [Plaintiff Mr. Sutphin] to believe they would be fair to [Plaintiffs] in [their banking] relationship."

We believe that SunTrust's alleged representation - that Plaintiffs would be treated fairly in their future dealings - is too vague to form the basis for fraud or misrepresentation based on the facts of this case. *See Timothy L. Hardin v. York Mem'l Park*, __ N.C. App. __, __, 730 S.E.2d 768, 778 (2012), *disc. review denied*, 366 N.C. 571, 738 S.E.2d 376 (2013) (stating that the "[p]laintiffs' allegations regarding fraud are vague and general — they essentially parrot the elements of a fraud claim without providing any specifics" and holding that the trial court did not err by dismissing the compliant). In other words, we believe that Plaintiffs failed to support their "case within a case" by failing to allege exactly what misrepresentation SunTrust made that would have sustained Plaintiffs' Chapter 75 counterclaim.

Assuming *arguendo* that SunTrust's representation to treat Plaintiffs fairly was a legitimate basis for fraud in this case,

Plaintiffs have nonetheless failed to show how SunTrust's subsequent actions by placing a hold on Plaintiffs' account – which was the conduct Plaintiffs assert was unfair - constituted a breach of the fairness representation. Rather, we held just the opposite in Plaintiffs' appeal in the SunTrust suit as follows:

> There is no doubt that [SunTrust's] placing a hold on [Plaintiffs' corporate] accounts without prior notice, failing to make written demands for payment [on the loans Plaintiffs allegedly defaulted on], and acting in a different manner than [SunTrust] had in the past would be surprising to [Plaintiffs] and likely disruptive to [Plaintiffs'] business(es) . . . . [However,] this does not make [SunTrust's] actions "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers" or accurately described as having "the capacity or tendency to deceive."

*Bryant/Sutphin*, __ N.C. App. at __, 732 S.E.2d at 600. Accordingly, Plaintiffs have failed to allege facts to show that they had a valid claim for misrepresentation against SunTrust where Plaintiffs have merely alleged SunTrust's representation that it would treat them fairly and the subsequent hold placed on Plaintiffs' deposit accounts by SunTrust.

Regarding Plaintiffs' claim that Defendants' legal fees were excessive, Plaintiffs make no allegations regarding what the fee agreement was, how Defendants breached the agreement or

the amount of damages, if any, resulting from the breach. Rather, there is only a naked allegation that Defendants had billed over $200,000.00 in their representation of Plaintiffs in the SunTrust suit and that "[t]he fee charged in the matter [was] excessive." Accordingly, we believe the trial court properly dismissed this claim as well.

AFFIRMED.


Judge BRYANT and Judge STEPHENS concur.

Report per Rule 30(e).